RECEIVED

DEC 0 7 2007

CLERK, U.S. DISTRICT COURT
ANCHORAGE, ALASKA

**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>*Plaintiff-Appellee,*<br><br>v.<br><br>CYRUS D.A. BRASWELL,<br>*Defendant-Appellant.* | No. 05-35009<br><br>D.C. Nos.<br>CV-03-00111-JKS<br>CR-97-00068-JKS<br><br>OPINION |

Appeal from the United States District Court
for the District of Alaska
James K. Singleton, Chief District Judge, Presiding

Argued and Submitted
March 5, 2007—Seattle, Washington

Filed September 4, 2007

Before: Diarmuid F. O'Scannlain, A. Wallace Tashima, and
Marsha S. Berzon, Circuit Judges.

Opinion by Judge O'Scannlain

11397

A TRUE COPY
CATHY A. CATTERSON
Clerk of Court
ATTEST

DEC 0 4 2007

Signature Redacted
Deputy Clerk

11398      UNITED STATES v. BRASWELL

## COUNSEL

Darla J. Mondou, Marana, Arizona, argued the cause and was on the brief for the defendant-appellant.

Richard L. Pomeroy, Assistant United States Attorney, District of Alaska, Anchorage, Alaska, argued the cause and was on the briefs for the plaintiff-appellee; Nelson P. Cohen, United States Attorney, District of Alaska, Anchorage, Alaska, and Timothy M. Burgess, United States Attorney, District of Alaska, Anchorage, Alaska, were also on the briefs.

## OPINION

O'SCANNLAIN, Circuit Judge:

We must decide whether a habeas petitioner's argument that his indictment was constitutionally defective is procedurally barred because of his failure to raise it on direct appeal.

I

On July 15, 1997, Cyrus Braswell was indicted by a grand jury in Anchorage, Alaska on four counts of distribution of a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1); one count of possession of a Schedule II controlled substance with intent to distribute, in violation of the same provision; two counts of maintaining a place for drug trafficking, in violation of 21 U.S.C. § 856(a)(1); and two counts of money laundering, in violation of 18 U.S.C. § 1957. After trial, a jury convicted Braswell on eight of the nine counts. He was sentenced to 400 months of imprisonment and a fine of $98,677.

Braswell appealed his conviction and the judgment and we affirmed in an unpublished memorandum disposition. *United States v. Braswell*, No. 98-30198, 2000 WL 335570 (9th Cir. March 30, 2000) (mem.). After the appeal was final, Braswell filed various motions with the district court—for a new trial, for acquittal, for change of venue or recusal, for return of

property—and the district court denied each of them; we affirmed. *United States v. Braswell*, 51 F. App'x 783 (9th Cir. 2002) (mem.).

Thereafter, Braswell filed a petition for habeas relief under 28 U.S.C. § 2255. Braswell's pro se petition alleged four grounds for relief, none of which is at issue here. After the magistrate judge issued his Report and Recommendation, however, Braswell filed one objection, raising the claim that his original indictment did not identify the drugs as cocaine and marijuana whereas the jury instructions in his trial did. The government argued that this claim was procedurally barred. The magistrate judge, construing the pro se brief liberally and considering the claim as one for ineffective assistance of counsel, rejected the claim, ruling that the indictment was sufficient and that therefore counsel had not been "ineffective" in failing to challenge it. The district court agreed with the Final Report and Recommendation, adding its own conclusion that no jurist of reason would find it debatable whether Braswell was denied effective assistance of counsel, and that Braswell's allegations against his attorneys were "frivolous and his pleadings an abuse of the writ." The district court dismissed the petition with prejudice and declined to issue a Certificate of Appealability ("COA").

On appeal, a motions panel granted a COA on the sole issue of whether Braswell's constitutional rights had been violated by the indictment's failure to allege the kind of drug involved in Braswell's offense.

II

The government argues that our consideration of the adequacy of Braswell's indictment is procedurally barred.

A

[1] "Where a defendant has procedurally defaulted a claim
by failing to raise it on direct review, the claim may be raised
in habeas only if the defendant can first demonstrate either
'cause' and actual 'prejudice' or that he is 'actually innocent.' "[1]
*Bousley v. United States*, 523 U.S. 614, 622 (1998) (citations
omitted); *United States v. Johnson*, 988 F.2d 941, 945 (1993).
The Supreme Court in *Bousley* applied the procedural bar in
the context of § 2255 habeas proceedings, reaffirming that
both for federal and state convictions, habeas review is not to
substitute for an appeal.[2] *Id.* at 621.

---

[1]*But see English v. United States*, 42 F.3d 473, 477 (9th Cir. 1994)
("Unless the defendant has violated some rule which required him to raise
a claim or forfeit it, there is no procedural default, and the cause and preju-
dice standard does not apply."). *English* was in fact careful to limit its
holding to the state of the law in 1989, which was relevant because of the
procedural posture of that case; as *English* itself noted, by 1994 the law
might well have moved beyond the "rule violation" requirement it recog-
nized. *Id.* at 481. Nevertheless, some of our unpublished dispositions have
continued to cite *English* when considering the procedural bar. We recog-
nize that *Bousley* (and our *Johnson* case before it) reflect the current state
of the law: most claims are procedurally defaulted by both federal and
state prisoners in habeas proceedings when not raised on direct appeal,
absent a showing of cause and prejudice or actual innocence.

Of course, as *Bousley* recognized, the cause and prejudice requirement
does not apply to claims that "could not be presented without further fac-
tual development." *Bousley*, 523 U.S. at 621-22 (citing *Waley v. Johnson*,
316 U.S. 101 (1942) (*per curiam*)). Similar reasoning led the Supreme
Court recently to exclude all ineffective assistance of counsel claims from
the cause and prejudice requirement. *Massaro v. United States*, 538 U.S.
500, 505 (2003). Braswell's claim, however, does not fall into either cate-
gory, as the record was fully developed on direct appeal and the claim is
not one for ineffective assistance of counsel. Nor has Braswell suggested
that there is any other applicable exception to the cause and prejudice
requirement.

[2]Indeed, in *Reed v. Farley*, 512 U.S. 339 (1994), relied upon in *Bousley*,
the Court had clarified that the general principle of applying the proce-
dural bar in federal habeas cases applied in habeas review of state convic-
tions as well. *Reed*, 512 U.S. at 354.

The "cause and prejudice" test for excusing the failure to raise a claim on direct appeal will apply, for example, where the claim rests upon a new legal or factual basis that was unavailable at the time of direct appeal, or where "interference by officials" may have prevented the claim from being brought earlier. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). If a petitioner succeeds in showing cause, the prejudice prong of the test requires demonstrating "not merely that the errors at . . . trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S 152, 170 (1982).

Finally, a petitioner who fails to show either cause or prejudice can still obtain review of a claim on collateral attack by demonstrating the likelihood of his or her actual innocence. *Bousley*, 523 U.S. at 623.

B

**[2]** Here, Braswell cannot claim novelty or interference for his failure to raise the adequacy of his indictment on direct appeal; indeed, during its pendency he attempted to raise the claim in a post-trial motion that his trial court rejected as untimely, which decision we affirmed. *Braswell*, 51 F. App'x at 784. Nor has Braswell shown any other cause for his failure to raise the issue on appeal.

**[3]** Furthermore, even if Braswell could somehow demonstrate cause, he has at no point argued, let alone demonstrated, that any defect in his indictment worked to his actual disadvantage at trial in any way, such as by making it difficult to prepare a defense for the charges against him. *Cf. Hamling v. United States*, 418 U.S. 87, 117 (1974). Thus, nothing in Braswell's arguments before the district court or this court approaches the necessary showing of prejudice to overcome the procedural bar.

[4] Finally, we note that Braswell has not argued "actual innocence," and that both the district court in habeas review, and our court on direct appeal, have concluded that the evidence of his guilt at trial was "overwhelming." *Braswell*, 51 F. App'x at 784. Therefore, the actual innocence exception to the procedural bar cannot apply to Braswell's claim.

### III

[5] For the foregoing reasons, we conclude that Braswell's claim that his indictment was constitutionally deficient is procedurally barred.[3]

**AFFIRMED.**

---

[3]Braswell's "Motion for Leave to Clarify the Issue Granted a COA and for Leave to Brief the Clarified Issue," filed after oral argument, is denied as moot.