IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>            Plaintiff,<br>  vs.<br>CYRUS D. A. BRASWELL,<br>            Defendant. | Case No. 3:97-CR-00068 (JKS)<br><br>ORDER |

      This case is before the Court for a modification of an imposed term of imprisonment in light of the new Sentencing Guidelines with respect to "crack" cocaine. Currently before the Court is a Motion to Withdraw as Counsel for Defendant. *See* Docket Nos. 297 (Mot. for withdrawal); 298 (Aff. in support). Counselor Mondou seeks to withdraw as counsel for Defendant to respect Defendant's desire to proceed pro se. For the reasons set forth below, the Court shall deny counsel's motion.

      Ordinarily, a district court may not modify a term of imprisonment once it has been imposed. 18 U.S.C. § 3582(c). Congress has given district courts jurisdiction to modify a sentence only under limited circumstances, including *inter alia*, when an applicable sentencing range has been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). Where a defendant seeks a reduction of his sentence because of a reduction in a sentencing range, jurisdiction is found exclusively under § 3582(c)(2). *See Hamilton v. United States*, 67 F.3d 761, 763-64 (9th Cir. 1995). As Defendant is currently before the Court seeking a reduction of his sentence in light of the new sentencing guidelines with respect to crack cocaine, the Court's jurisdiction to modify his sentence arises solely from § 3582(c)(2).

Proceedings to modify a sentence under § 3582(c)(2) do not constitute a full re-sentencing. *See United States v. Hicks*, 472 F.3d 1167, 1171 (9th Cir. 2007). Rather, the proceedings address the very limited issue of whether a district court should exercise its discretion to reduce a term of imprisonment based on the reduced sentencing range, the factors set forth in 18 U.S.C. § 3553(a), and the applicable policy statements issued by the Sentencing Commission.[1] *See* 18 U.S.C. § 3582(c)(2); *United States v. Townsend*, 93 F.3d 510, 512-13 (9th Cir. 1996). A court's limited jurisdiction under the statute does not permit it to reconsider the judgment of conviction or the facts upon which the earlier sentence was imposed. *See Quesada-Mosquera v. United States*, 243 F.3d 685, 686 (2d Cir. 2001) (relevant facts are "the facts about the defendant as they existed at the time of his original hearing"). Accordingly, until the Court has reviewed the motion to reduce, the accompanying legal memoranda and the existing record, it does not know if a hearing will be held, oral argument heard, or any new evidence taken. It is quite possible that after review of the parties' written submissions the Court will simply rule without further inquiry.

Whether a defendant has a right to dispense with court-appointed counsel in a § 3582(c)(2) proceeding appears to be an issue of first impression. Clearly, a criminal defendant has a right to self-representation at trial after a knowing and intelligent waiver. *See Faretta v. California*, 422 U.S. 806 (1974). However, where the Sixth Amendment does not apply, and appointment of counsel is discretionary, it would appear the correlative right to dispense with court-appointed counsel and represent oneself does not apply.[2] *See Martinez v. Court of Appeal*, 528 U.S. 152, 156-61 (2000) (no right to self-representation on direct appeal). Consistent with the limited nature of the proceeding, the Ninth Circuit has expressly held that no right to counsel exists in § 3582(c)(2)

---

[1] Although district courts must treat the guidelines as advisory in setting a new sentence under § 3582(c)(2), *see Hicks*, 472 F.3d at 1168, this does not change the limited nature of the proceedings.

[2] In *Faretta*, the Court found the correlative right to self-representation based upon historical practice, the Sixth Amendment, and principles of autonomy. *Martinez*, 528 U.S. at 156. The Court found scant historical basis for a right to self-representation on appeal, and that principles of autonomy alone were insufficient to warrant a right to self-representation "[u]nder the practices that prevail in the Nation today." *Id.* at 156-61. This Court has no reason to believe a proceeding pursuant to § 3582(c)(2) would be different.

ORDER

proceedings under either Rule 8(c) of the Rules Governing Section 2255 Proceedings or the Sixth Amendment. *Townsend*, 98 F.3d at 512-13. As such, it seems there is also no Constitutional right to dispense with appointed counsel and represent oneself in a § 3582(c)(2) proceeding.

Nor is the statutory right to self-representation absolute under 28 U.S.C. § 1654. *See Price v. Johnston*, 334 U.S. 266, 285 (1948). "Lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." *Id*. at 285. "Among those so limited is the otherwise unqualified right given by § 272 of the Judicial Code, 28 U.S.C. § [1654], to parties in all the courts of the United States to 'plead and manage their own cases personally.'" *Id*. at 285-86. The Court does not believe that the vestige of this limited statutory right trumps the Court's concern that counsel is required in this case to ensure Defendant receives the fullest possible benefit from the change in the Guidelines.

Defendant requested the appointment of counsel for these proceedings. Docket No. 288. The Court appointed counsel in the exercise of its discretion because it believed that the aid of an attorney was essential to protect Defendant and ensure that he would have a full and fair opportunity to gain the full benefit of the modification to the Guidelines. Defendant has not explained why he feels he no longer requires counsel, and the Court continues to believe counsel is necessary to ensure justice. However, the Court also wishes to honor Defendant's autonomy and ensure that his views are considered. To balance these competing concerns, the Court will permit Defendant to personally file a single supplemental brief raising any issues not addressed by court-appointed counsel.[3] Given that the presence of Defendant is not required for a § 3582(c)(2) proceeding, *see* Federal Rule of Criminal Procedure 43(b)(4), the Court believes this is more than adequate to honor Defendant's autonomy and any vestige of statutory right found in 28 U.S.C. § 1654.

/////

/////

---

[3]*See Hines v. Enomoto*, 658 F.2d 667, 677 (9th Cir. 1981) (approving involuntary hybrid representation where prisoner was permitted to file a supplemental brief).

ORDER

Accordingly, **IT IS HEREBY ORDERED** that:

1. Ms. Mondou's Motion to Withdraw at **Docket No. 297** is **DENIED**; and

2. The briefing schedule previously ordered at Docket No. 290 is modified to allow Defendant to personally file a single supplemental brief of no more than 25 pages within 30 days from the time Defendant's counsel files the motion for modification pursuant to § 3582(c).

Dated this 28th day of April 2008.

/s/ James K. Singleton, Jr.
**JAMES K. SINGLETON, JR.**
United States District Judge