**Darla J. Mondou**
**CJA Appellate Counsel**
**For the District of Alaska**
**11201 N. Anway Road**
**Marana, AZ 85653**
**(520) 682-5535**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA
ANCHORAGE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
|     Plaintiff ) | |
| ) | Case No: 3:97-cr-00068 |
| ) | |
| v. ) | |
| ) | |
| ) | MEMORANDUM OF LAW IN SUPPORT |
| ) | OF MOTION FOR REDUCTION |
| CYRUS D. A. BRASWELL ) | PURSUANT TO 18 USC § |
| ) | 3582(c)(2) |
|     Defendant ) | |

<u>MEMORANDUM OF LAW IN SUPPORT OF TWO LEVEL REDUCTION AND IMPOSITION OF SENTENCE AT THE LOW END OF THE GUIDELINE RANGE OR BELOW THE GUIDELINE RANGE</u>

    A. <u>Braswell's Base Offense Level Must be Reduced by Two Levels Under the Amended Guidelines</u>

18 U.S.C. § 3582(c) allows this Court to review and reduce a defendant's sentence by two levels, or, if warranted by the factors set forth in 18 U.S.C. § 3553(a), more than two-levels.  Defendant was sentenced to 400 months

1

incarceration in 1998 upon a mixture of controlled substances, one of which was crack cocaine. As such, Defendant's sentence is properly before this Court, for review and reduction.

In fashioning a reduced sentence, this Court must treat the Guidelines "as one factor among several" that 18 U.S.C. § 3553(a) mandates it consider, even while the guidelines are a starting point. *Gall v. United States*, 128 S.Ct. 586, 596-597 (2007). Once this Court correctly calculates the sentence that the Guidelines recommend, here 262 to 327 months based on level 38, Criminal History Category II, the Court must then "make an individualized assessment" considering the remaining factors set forth in § 3553(a). *Id.*

The Ninth Circuit recently acknowledged that *United States v. Booker*, 543 U.S. 220, 245 (2005) vests sentencing judges with the discretion to disagree with specific guidelines and policy statements. *United States v. Hicks*, 472 F.3d 1167 (9th Cir. 2007). Further, to the extent that U.S.S.G. § 1B1.10 suggests that a provision, commentary, or policy statements of the Guidelines is binding or mandatory, it must give way to *Booker* and its progeny: *Gall v. United States, supra, Rita v. United States*, 127 S.Ct. 2456 (2007);

*Kimbrough v. United States*, 128 S.Ct. 558 (2007).

Defendant asserts that § 1B1.10 leans toward negating the purposes of sentencing set forth in 18 U.S.C. § 3553 (a). <u>See</u> 28 U.S.C. § 991(b).  And, in this particular case, the sentencing factors are important due to the amount of contraband this defendant is responsible for, both actual drugs and monies and real and personal property associated to selling said drugs.  Moreover, the Defendant's base offense level was increased two levels for obstruction of justice at trial.  While fashioning a reduced sentence does not entail a revision of any guideline or fact <u>other than the revised crack cocaine guideline</u>, specifically the obstruction of justice enhancement, this Court,"may determine … that, in a particular case, a within-Guidelines sentence is 'greater than necessary' to serve the objectives of sentencing" the individual defendant, by "consider[ing] the disparity between the Guidelines' treatment of crack and powder cocaine offenses." *Kimbrough v. United States*, 128 S.Ct. at 564.  It is significant that the current sentence was driven by the mandatory guidelines regime which have lost that stature and are now  advisory.  Indeed, this Court may now impose a sentence within the newly established guideline range or below said range.

B. <u>The Factors Applied to Braswell Ten Years Later</u>

In its June 29, 1998 sentencing memorandum and report of statement of reasons for the 400 month sentence, this Honorable Court elaborated in detail the public safety need for imposing a lengthy sentence upon Mr. Braswell. This counsel has read the documentation and concedes that, although Mr. Braswell's invoking his right to file numerous causes of action time and time again, to the angst of plethora of individuals named as defendants, his legal actions should not be a negative factor when fashioning the reduced sentence. Thus, the questions for this Court are: (1) has Mr. Braswell's conduct during the ten year incarceration period lessened the need for a sentence at the high end of the amended guidelines; and, if yes (2) is there sufficient and substantial reason to sentence Braswell at the low end or below the amended guideline range?

While Mr. Braswell may have been subject to various non-violent disciplinary action within the Bureau of Prisons, he has remained "conviction free" for a decade or more. It is entirely possible to commit crimes while incarcerated and his refraining from doing so speaks to his rehabilitation and militates for this Court to consider imposing a sentence at the low-end of the guidelines for

level 38.  The past cannot be undone.  But as the past was a component of the current sentence, it is a component of the future sentence.  The absence of any violence or drug activity, or even the suspicion of base manipulation of fellow inmates, should count significantly in reaching a decision.  The time Braswell has served within the prison community is well deserving of acknowledgment.  Thus, this Honorable Court, after a well reasoned analysis, should grant Mr. Braswell the full benefit of the modification to the sentencing guidelines an impose a sentence at the bottom of the modified guideline range.

## CONCLUSION

At a minimum, this Court should recalculate and reduce Mr. Braswell's guideline range by two levels in accord with Amendment 706, placing him a level 38.  Mr. Braswell asks this Court to indulge in a more particularized view and take into account the fact argued above, such as Mr. Braswell's already having served more than 120 months of his incarceration.  Finally, this Court should exercise its discretion under *United States v. Booker*, and § 3553(a) and reduce Mr. Braswell's sentence to one that is "no greater than necessary" to fulfill the purposes of sentencing.  A

two level reduction without more is action that is mechanical and not a judicial assessment of Mr. Braswell. Section 3582(c)(2), by mandating that this Court impose a new sentence in accord with § 3553(a), requires this Court to *individualize* the new sentence it imposes on the defendant. This Court is not to be a mere calculator. Accordingly, after a thorough review of the § 3553(a) factors as applicable to him individually, Mr. Braswell requests this Honorable Court re-sentence him at the low end of the guideline range for level 38.

Respectfully submitted this 7th[t] day of May, 2008.

/s Darla J. Mondou
CJA Appellate Counsel
For the District of Alaska
11201 N. Anway Road
Marana, AZ 85653
(520) 682-5535

**CERTIFICATE OF SERVICE**

I hereby certify that on this 7th day of May, 2008,

a copy of the foregoing MEMORANDUM OF LAW as served electronically via the district court's CM/ECF filing system on:

Retta-Rae Randall
U.S. Attorney's Office (Anch)
222 West 7th Avenue, #9
Anchorage, AK 99513
907-271-5071
Fax: 907-271-1500
Email: rettarae.randall@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*


                                    s/ Darla J. Mondou

Case 3:97-cr-00068-JKS    Document 301    Filed 05/07/2008    Page 8 of 8