IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br><br>vs.<br><br>CYRUS D. A. BRASWELL,<br><br>              Defendant. | Case No. 3:97-CR-00068 (JKS)<br><br>ORDER |

      This case is before the Court for a modification of an imposed term of imprisonment in light of the new Sentencing Guidelines with respect to "crack" cocaine. Currently before the Court is Defendant's "Motion for Voluntary Dismissal." Docket No. 303. Essentially, Defendant would like to withdraw his request to have his sentence modified pursuant to 18 U.S.C. § 3582(c)(2). He believes this is in his best interest because: (1) appointed counsel is not advocating his case; (2) he has been accused by prison staff of sending threatening letters to Judge Singleton; and (3) Judge Singleton cannot fairly adjudicate this motion because he is a racist. *See* Docket No. 303.

      As Defendant is represented by counsel, he may not appear or act on his own behalf. *See* Local Rule 11.1(a)(3)[A]. The Court has previously denied Defendant's motion through counsel seeking to represent himself.[1] *See* Docket No. 299. It would be inconsistent for the Court to deny the motion to proceed without counsel but grant his motion for voluntary dismissal unless it is

---

[1] Defendant has appealed this decision. *See* Docket No. 304. As the order denying withdrawal of Defendant's counsel was not a final order, Defendant's interlocutory appeal has not ousted the Court's jurisdiction over the case. *See United States v. Cheely*, 814 F. Supp. 1430, 1434 (D. Alaska 1992). Further, Defendant is unlikely to meet with success as he has not made any request for a certification pursuant to 28 U.S.C. § 1292(b).

1

submitted by counsel.  Further, the Court continues to believe that counsel is essential as the issues presented by sentencing modifications under 18 U.S.C. § 3582(c)(2) are relatively new and there exists little guidance from the appellate courts.

Defendant is apparently upset that he is not being given another opportunity to argue about alleged deficiencies in the original indictment.  *See* Docket No. 303 at 2.  The Ninth Circuit has already concluded that Defendant is procedurally barred from pursuing this argument.  *United States v. Braswell*, 501 F.3d 1147, 1150 (9th Cir. 2007).  Moreover, this argument is irrelevant.  The issue at hand is whether the Court should exercise its discretion to reduce Defendant's term of imprisonment based on the reduced sentencing range, the factors set forth in 18 U.S.C. § 3553(a), and the applicable policy statements issued by the Sentencing Commission.  *See* 18 U.S.C. § 3582(c)(2); *United States v. Townsend*, 98 F.3d 510, 512-13 (9th Cir. 1996).

Finally, the Court notes that it is unaware of any threatening letters from Defendant.  Mr. Braswell should rest assured that no decision ever reached or to be reached in this case will be influenced by the racial or ethnic background of any party or witness; such matters are truly irrelevant.

Accordingly, **IT IS HEREBY ORDERED** that the motion at **Docket No. 303** is **DENIED**.  Dated this 28th day of May 2008.

                                                      /s/ James K. Singleton, Jr.
                                                      **JAMES K. SINGLETON, JR.**
                                                        United States District Judge