NELSON P. COHEN
United States Attorney

RETTA-RAE RANDALL
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Rm. 253
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: rettarae.randall@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 3:97-cr-00068-JKS |
| | ) | |
| Plaintiff, | ) | **RESPONSE TO MOTION FOR** |
| | ) | **SENTENCE REDUCTION** |
| vs. | ) | **UNDER 18 U.S.C. § 3582(c)(2)** |
| | ) | **AND *PRO SE* MOTION: FOR** |
| | ) | **MODIFICATION OF AN** |
| CYRUS D. A. BRASWELL, | ) | **IMPOSED TERM OF** |
| | ) | **"IMPRISONMENT"** |
| Defendant. | ) | |
| | ) | |

The defendant, Cyrus D. A. Braswell, pro se and by counsel, has filed

motions for reduction of sentence, pursuant to 18 U.S.C. § 3582(c), based on a

recent amendment to the Sentencing Guidelines which lowered the base offense

levels applicable to cocaine base ("crack") offenses. (The *pro se* motion raises

additional issues which have already been ruled upon or which are not relevant to

a § 3582(c)(2)  motion and will not be addressed.)  While the relevant amendment

does apply to the defendant's case, this Court has discretion whether to grant it,

and the government submits, for the reasons set forth below, that the Court should

not reduce the defendant's sentence.  The United States opposes the motion based

upon concerns for public safety as well as the defendant's risk of recidivision

which were clearly and thoroughly set forth in the Memorandum of Sentencing

Hearing and Report of Statement of Reasons issued by this court on June 26, 1998,

at Docket 149 and attached hereto as Exhibit 1.

I.     ORIGINAL SENTENCING

At the time of the defendant's original imposition of sentence, held on

June 5, 1998, the Court found that the defendant was responsible for a

combination of crack cocaine (156 grams), cocaine powder (111.8 grams), and

marijuana (1300 grams) which placed the defendant at an offense level of 34.  In

accordance with U.S.S.G. § 2D1.1, the Court also approximated the quantity of

drugs the defendant distributed in order to reflect the scale of the offense.  The

defendant purchased assets and paid rents totaling $70,000.  These were paid for

with cash monies the defendant earned from the distribution of cocaine.  The

Court properly converted the monies to a crack cocaine equivalent (1786 grams)

and then to a marijuana equivalent (35,720 kilograms), resulting in a total adjusted

offense level of 38.  The Court included an upward adjustment of two levels for

obstruction of justice on account of the defendant's false statements made under

oath during his trial.  In order to accurately represent the defendant's

dangerousness and the likelihood of  recidivism, the Court added one criminal

history point, moving him to a category III.  As a result, the defendant's guideline

sentence range was 360 months to life imprisonment.  The Court imposed a term

of 400 months.  At that time, the Court made the following comments:

> If the Court were motivated to reduce Braswell's offense level back to
> 34 by declining to convert cash into crack cocaine, then the Court
> would be concerned that the resulting sentence range at offense level
> 36 (34 + 2 for obstruction of justice) would be *insufficient to
> incapacitate Braswell, deter others, and protect the community*.
> [emphasis added.]  In such a case the Court would, in the exercise of
> its discretion, depart upward to permit a sentence nearer the 400
> months imposed here.

Id. at 22.

## II.    RETROACTIVE APPLICATION OF THE AMENDMENTS TO U.S.S.G. § 2D1.1

Section 3582(c)(2) of Title 18 provides authority for the reduction of a defendant's sentence based on a change in the Guidelines, if the Sentencing Commission authorizes such a reduction:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

In Section 1B1.10 of the Guidelines, the Commission has identified the amendments which may be applied retroactively pursuant to this authority, and it has articulated the proper procedure for implementing the amendment in a concluded case.[1]  On December 11, 2007, the Commission issued a revised version of Section 1B1.10, which emphasizes the limited nature of relief available

---

[1]    Section 1B1.10 implements both 18 U.S.C. § 3582(c)(2) and 28 U.S.C. § 994(u), the latter of which provides:  "If the Commission reduces the term of imprisonment recommended in the guidelines applicable to a particular offense or category of offenses, it shall specify in what circumstances and by what amount the sentences of prisoners serving terms of imprisonment for the offense may be reduced."  A guideline amendment may be applied retroactively only when expressly listed in Section 1B1.10(c).  See, e.g., United States v. Cueto, 9 F.3d 1438, 1440-41 (9th Cir. 1993); United States v. Perez, 129 F.3d 255, 259 (2d Cir. 1997).

under 18 U.S.C. § 3582(c). Revised Section 1B1.10(a), which becomes effective

on March 3, 2008, provides, in relevant part:

(1)    In General.—In a case in which a defendant is serving a term of
       imprisonment, and the guideline range applicable to that defendant
       has subsequently been lowered as a result of an amendment to the
       Guidelines Manual listed in subsection (c) below, the court may
       reduce the defendant's term of imprisonment as provided by
       18 U.S.C. § 3582(c)(2). As required by 18 U.S.C. § 3582(c)(2), any
       such reduction in the defendant's term of imprisonment shall be
       consistent with this policy statement.

(2)    Exclusions.—A reduction in the defendant's term of imprisonment is
       not consistent with this policy statement and therefore is not
       authorized under 18 U.S.C. § 3582(c)(2) if—
       (A)    none of the amendments listed in subsection (c) is applicable to
              the defendant; or
       (B)    an amendment listed in subsection (c) does not have the effect
              of lowering the defendant's applicable guideline range.

(3)    Limitation.—Consistent with subsection (b), proceedings under 18
       U.S.C. § 3582(c)(2) and this policy statement do not constitute a full
       resentencing of the defendant.

The amendment in question in this matter is Amendment 706, effective

November 1, 2007, which reduced the base offense level for most cocaine base

("crack") offenses.[2] On December 11, 2007, the Commission added Amendment

---

[2]    Amendment 706 was further amended in the technical and conforming amendments
set forth in Amendment 711, also effective November 1, 2007. Amendment 711 also made
conforming amendments to the drug conversion chart which is employed where the offenses of
conviction involved crack as well as other controlled substances.

706 to the list of amendments  under Section 1B1.10(c) which may be applied

retroactively, effective March 3, 2008. U.S.S.G. App. C, Amend. 713.

In Amendment 706, the Commission generally reduced by two levels the

offense levels applicable to crack cocaine offenses.  The Commission reasoned

that, putting aside its stated criticism of the 100:1 ratio applied by Congress to

powder cocaine and crack cocaine offenses in setting statutory mandatory

minimum penalties, the Commission could respect those mandatory penalties

while still reducing the offense levels for crack offenses.  See USSG, Supplement

to App. C, Amend. 706.[3]

Previously, the Commission had set the entire range in Section 2D1.1 for a

given quantity of crack above the applicable mandatory minimum sentence.

Under the amendment, the Commission set the offense levels so that the

mandatory minimum sentence falls within the range for the quantity of crack that

triggers that mandatory minimum penalty.  For example, a trafficking offense

involving five grams of crack cocaine requires a statutory mandatory minimum

sentence of five years imprisonment.  See 21 U.S.C. § 841(b)(1)(B).  The revised

---

[3]  In a separate matter, the Supreme Court recently held in Kimbrough v. United States, 128 S. Ct. 558 (2007), that district courts "may consider the Guidelines' treatment of crack and powder cocaine offenses" in deciding whether to vary from the advisory Guidelines range for crack offenders.  However, that issue is not pertinent to this case, which involves only a § 3582(c)(2) reduction based on a specific guideline amendment.

guideline applies an offense level of 24 to a quantity of cocaine base ("crack") of at least five grams but less than 20 grams; at criminal history category I, this level produces a range of 51-63 months, which encompasses the 60-month mandatory minimum.

The ultimate result of the amendment is a reduction of two levels for each of the ranges set in the guidelines for crack offenses.

## III.    A REDUCTION IN SENTENCE IS **NOT** WARRANTED IN THIS CASE

Defendant is correct that Amendment 706 reduced the guideline range applicable in his case, and therefore the Court may consider whether to reduce his sentence. Specifically, the base offense level in this case is now 36, pursuant to amended Section 2D1.1; when combined with the other guideline applications made earlier, total offense level is 38. At the established criminal history category of III, this would result in a sentencing range of 292-365 months, and be a reduction from the previously applied range of 360 months to life.

The government believes that this Court should not exercise its discretion to reduce defendant's sentence to the newly calculated range. In determining whether or not a reduction in a defendant's term of imprisonment is warranted and the

extent of any such reduction, the district court is required by Application Note

1.(B)(ii) to consider the nature and seriousness of the danger to any person for the

community that may be posed by a reduction in the defendant's term of

imprisonment.

Braswell committed his first adult crimes shortly after he turned twenty,

being convicted of weapons and drug offenses.  He was continuously in trouble

after that and learned nothing from his conviction and resulting sentence.  See

Presentence Investigation Report at Docket 291 (Sealed).  "It is rare to encounter

someone who is such a complete failure on parole at the relatively mature age of

25 in the absence of drug or alcohol addiction or serious mental injury.  Braswell

has been in and out of prison for years and before many courts, and no one has

suggested that he is drug or alcohol dependant or mentally ill."  Exhibit 1 at 27.

More disturbing, while on parole, Braswell committed the crimes for which he is

currently incarcerated.  Braswell's repeated perjury and obstruction of justice and

his total denial of responsibility, as expressed in his allocution regarding those

crimes, "establishes ... that he is not capable of reformation, rehabilitation, or

individual deterrence."  Id. at 28.  The nature and seriousness of Braswell's danger

to the community were sufficiently explored at the defendant's original sentencing and justifies the court making no reduction to that sentence.

A.  The Process of Considering a Section 3582(c)(2) Reduction

Although the defendant may qualify for a reduction in sentence under Section 3582(c)(2) and the applicable policy statements of the Commission, a reduction of sentence is not automatic.  This Court's discretion is set forth in Section 3582(c)(2) itself, which provides:  "the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  Thus, section 1B.10 creates discretion for a district court to reduce a sentence based on a retroactive change but does not require it to do so.  See United States v. Wales, 977 F.2d 1323, 1327-28 (9th Cir. 1992) (section 1B1.10 "merely affords the sentencing court discretion" to make reduction but "does not mandate" it) (quotation omitted); see also, e.g., United States v. Vautier, 144 F.3d 756, 760 (11th Cir. 1998) ("[t]he grant of authority to the district court to reduce a term of imprisonment is unambiguously discretionary"); United States v. Ursery, 109 F.3d 1129, 1137 (6th Cir. 1997); United States v. Whitebird, 55 F.3d 1007, 1010 (5th

Cir. 1995); <u>United States v. Mueller</u>, 27 F.3d 494, 497 n.5 (10th Cir. 1994) <u>United States v. Coohey</u>, 11 F.3d 97, 101 (8th Cir. 1993).

Accordingly, Section 1B1.10 directs that "the court shall consider the factors set forth in 18 U.S.C. § 3553(a) in determining . . . whether a reduction in the defendant's term of imprisonment is warranted. <u>Id.</u> comment. (n.1(B)(I)); <u>see also</u> USSG § 1B1.10 comment. (backg'd) ("The authorization of such a discretionary reduction does not otherwise affect the lawfulness of a previously imposed sentence, does not authorize a reduction in any other component of the sentence, and does not entitle a defendant to a reduced term of imprisonment as a matter of right.").

"Thus, reading § 3582(c)(2) and the Sentencing Guidelines together, the district court must make two distinct determinations before deciding whether to reduce a defendant's sentence under § 3582(c)(2)." <u>Vautier</u>, 144 F.3d at 760. First, Section 1B1.10(b) directs the court to consider the new guideline range:

> In determining whether, and to what extent, a reduction in the term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement is warranted, the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (c) had been in effect at the time the defendant was sentenced . . . .

In other words, "the court must substitute the amended guideline range for the originally applied guideline range and determine what sentence it would have imposed.  In undertaking this first step, only the amended guideline range is changed.  All other guideline application decisions made during the original sentencing remain intact."  <u>Vautier</u>, 144 F.3d at 760.  Then, in the second step, "in light of the conclusion reached in the first step, the court must consider the factors listed in § 3553(a) and determine whether or not to reduce the defendant's original sentence."  <u>Id.</u>[4]

Subject to the limits set forth in Section 1B1.10(b), the Court may consider all pertinent information in applying the Section 3553(a) factors and determining whether and by how much to reduce the defendant's sentence.  In particular, the Court must consider public safety considerations, and may consider information regarding the post-sentencing conduct or situation of the defendant, whether

---

[4]  The Eighth Circuit has also endorsed and explained at length this two-step procedure. <u>United States v. Hasan</u>, 245 F.3d 682, 684-85 (8th Cir. 2001) (en banc).

In <u>United States v. Legree</u>, 205 F.3d 724, 728 (4th Cir. 2000), the court stated that it disagreed with the need for or utility of the two-step method.  However, the essence of its ruling was that the district court's proper consideration of the factors relevant to a Section 3582(c)(2) reduction of sentence, including consideration of the Section 3553(a) factors, may be presumed from the record.  The court did not criticize the underlying proposition that a trial court in fact should consider the guideline range as affected only by the guideline amendment, and should then apply the Section 3553(a) factors in determining whether to reduce the sentence.

U.S. v. Braswell
3:97-cr-00068-JKS                    11

positive or negative.  Revised application note 1(B)(ii) directs that "[t]he court

shall consider the nature and seriousness of the danger to any person or the

community that may be posed by a reduction in the defendant's term of

imprisonment."  Revised application note 1(B)(iii) further directs that "[t]he court

may consider post-sentencing conduct of the defendant that occurred after the

imposition of the original term of imprisonment."  The application note explains

that these factors are relevant in determining whether and by how much to reduce

a sentence, but only within the limits set forth in Section 1B1.10(b).

        In sum, the Court may not reduce the defendant's sentence to less than 292

months, and this Court must consider the Section 3553(a) factors and the other

considerations addressed above in determining whether and to what extent to

reduce the sentence.  The court already considered a lesser offense level and

sentencing range at Docket 149 (Exhibit 1 at 22) when determining whether to

impose an upward departure. "It seems a sentence of 400 months should be

sufficient to satisfy the criteria of 18 U.S.C. §§3551 and 3553.  If the Court were

motivated to reduce Braswell's offense level back to 34 by declining to convert

cash into crack cocaine, then the court would be concerned that the resulting

sentence at offense level 36 (34 + 2 for obstruction of justice) would be

insufficient to incapacitate Braswell, deter others, and protect the community. In such a case the court would, in the exercise of its discretion, depart upward to permit a sentence nearer the 400 months imposed here. Under the circumstances, however, a departure is not necessary." Id. The Court, after weighing many factors, decided a sentence of 400 months was appropriate, and nothing has changed since that decision to alter the Court's opinion that "[t]he only appropriate sentencing goal is to incapacitate [Braswell] until he is no longer capable of harming the public." Id. at 28. "This Court has seriously considered a life sentence without possibility of parole for Braswell. Given his age and his total failure to learn from past prison sentences, parole supervision, or "close shaves" in drug prosecutions, Braswell will most likely reoffend immediately after he is released. If Braswell was going to simply outgrow crime it would appear that he would have done so long before now. Nevertheless, a 400-month sentence followed by 60 months of supervised release...will assure the public that Braswell will be subject to supervision for almost the rest of his life, but will at the same time give him some hope and incentive to cooperate with correctional officials in order to earn good time credits." Id. at 28-29. These findings by the court clearly show that a reduction in sentence is not warranted.

B. <u>Booker Does Not Require a De Novo Resentencing</u>

Defendant contends that, rather than considering where within the revised guideline range he should be sentenced, this Court should treat the revised range as entirely advisory, consistent with the Supreme Court's decision in <u>United States v. Booker</u>, 543 U.S. 220 (2005). The government submits that this Court should exercise its discretion to decline to reduce the sentence at all, much less below the amended guideline range.

Defendant's position rests on <u>United States v. Hicks</u>, 472 F.3d 1167 (9th Cir. 2007), which held that, when applying a retroactive guideline amendment in a Section 3582(c)(2) proceeding, the newly calculated range must be treated as advisory and not mandatory. <u>Hicks</u> answered two questions: (1) "whether § 3582(c)(2) proceedings fall within the scope of <u>Booker</u>'s ambit," and (2) "whether policy statements by the Sentencing Commission nonetheless preclude the application of <u>Booker</u> to § 3582(c)(2)." <u>Hicks</u>, 472 F.3d at 1169. The court held that "<u>Booker</u> abolished the mandatory application of the Sentencing Guidelines in all contexts," that treating the recalculated guideline range in a Section 3582(c)(2) proceeding as advisory "is not inconsistent with any applicable policy statement," and that "to the extent that the policy statements are

inconsistent with <u>Booker</u> by requiring that the Guidelines be treated as mandatory, the policy statements must give way." <u>Hicks</u>, 472 F.3d at 1169, 1173.

The government disagrees with the decision in <u>Hicks</u> and reserves the right to challenge its holding on appeal in this case.[5]  Nevertheless, because the government recognizes that this Court is bound to follow the guidance from <u>Hicks</u>, the government contends that the Court should exercise its discretion to deny a further sentencing reduction below the amended guideline range.  <u>Hicks</u> recognizes that a defendant seeking a reduced sentence on account of a retroactive guideline amendment "is not entitled to a sentence reduction as a matter of right," but only as "a matter of discretion."  <u>Hicks</u>, 472 F.3d at 1172.  Even accepting <u>Hicks</u>' conclusion that the district court may view the amended guideline range as

---

[5] <u>Hicks</u> arguably can be distinguished as dicta because it did not deal with the current version of Section 1B.10.  At the time of <u>Hicks</u>, the Guidelines were "silent on the manner in which the modified ranges should be used."  472 F.3d at 1173.  Now, as discussed in the text, the revised Section 1B1.10(b)(2)(A) clearly limits any reduction to the floor of the revised guideline range (or proportionally lower than the revised range, if defendant originally received a below-guideline sentence.)  The Commission also has made clear that Section 3582(c)(2) proceedings "do not constitute a full resentencing of the defendant."  USSG § 1B1.10(a)(3).  These determinations have force because Section 3582(c)(2) limits sentencing reductions based on retroactive guidelines to those authorized by the Sentencing Commission, <u>see</u> 28 U.S.C. § 994(u).  Further, as a constitutional matter, <u>Hicks</u> erroneously applied <u>Booker</u> to the Section 3582(c) context.  <u>Booker</u> was an application of the rule in <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), which was concerned with facts that increase the  penalty for a crime above the jury-authorized statutory maximum.  <u>Booker</u> has no application to the discretionary relief under Section 3582(c)(2), which can only decrease -- not increase -- a defendant's sentence.

advisory, there are strong grounds for deciding, within the Court's discretion, to adhere to the Sentencing Commission's guidance regarding sentencing reductions.

In any case, even in an original sentencing proceeding, the Guidelines remain influential. See Gall v. United States, 128 S. Ct. 586, 596 (2007) ("to secure nationwide consistency, the Guidelines should be the starting point and initial benchmark" for sentencing); United States v. Cantrell, 433 F.3d 1269, 1279 (9th Cir. 2006) ("[The] continuing duty of district courts to consult the Guidelines is statutory."). Likewise, the court must consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6).

These considerations are even more compelling in the context of a sentencing reduction based on a retroactive guideline amendment. In 18 U.S.C. § 3582(c)(2), Congress created a "narrow exception to the rule that final judgments are not to be modified." United States v. Armstrong, 347 F.3d 905, 909 (11th Cir. 2003). Section 3582(c)(2) permits a sentencing reduction based on a retroactive guideline only "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." In the Sentencing Reform Act, Congress specifically delegated to the Sentencing Commission the authority to determine

when, and to what extent, a sentencing reduction is allowed.  Under 28 U.S.C.

§ 994(u), when the Commission amends the guidelines, the Commission "shall

specify in what circumstances and by what amounts the sentences of prisoners

serving terms of imprisonment for the offense may be reduced."  28 U.S.C.

§ 994(u).  As the Supreme Court has explained, under this provision, "Congress

has granted the Commission the unusual and explicit power to decide whether and

to what extent its amendments reducing sentences will be given retroactive effect."

Braxton v. United States, 500 U.S. 344, 348 (1991) (citing § 994(u); emphasis

omitted).  Pursuant to this authority, the Commission, employing its expertise, has

authorized the retroactive application of only a handful of the hundreds of

guideline amendments adopted since 1987, and its decision is binding -- if the

Commission does not recognize an amendment as retroactive, courts have no

authority to rely on it to revisit a final sentence.  United States v. Cueto, 9 F.3d

1438, 1441 (9th Cir. 1993).

Consistent with the authority granted in 28 U.S.C. § 994(u), the

Commission recently has placed explicit limits on the extent of a sentencing

reduction under Section 3582(c)(2) -- limits that were not addressed in Hicks.

USSG § 1B1.10(b)(1) directs that "[i]n determining whether, and to what extent, a

U.S. v. Braswell
3:97-cr-00068-JKS                    17

reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2)

and this policy statement is warranted, the court . . . shall substitute only the

amendments listed in subsection (c) for the corresponding guideline provisions

that were applied when the defendant was sentenced and shall leave all other

guideline application decisions unaffected." Section 1B1.10(b)(2) sets out

specific limits on the extent of sentencing reductions, providing that, with one

exception, "the court shall not reduce the defendant's term of imprisonment under

18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the

minimum of the amended guideline range determined under subdivision (1)."

USSG § 1B1.10(b)(2)(A). The sole exception is set forth in Section

1B1.10(b)(2)(B), which provides that if the defendant's "original term of

imprisonment was less than the term of imprisonment provided by the guideline

range applicable to the defendant at the time of sentencing, a reduction

comparably less than the amended guideline range determined under subdivision

(1) may be appropriate."[6] USSG § 1B1.10(b)(2)(B); see id., comment. (n.3) (if

defendant's original sentence represented downward departure of 20% below

---

[6] Section 1B1.10(b)(2)(B) further provides that if the defendant's original sentence "constituted a non-guideline sentence determined pursuant to 18 U.S.C. § 3553(a) and United States v. Booker, 543 U.S. 220 (2005), a further reduction generally would not be appropriate."

guideline range, reduction to term that is 20% below amended guideline range would be a "comparable reduction"). Thus, in the Commission's view, the extent of a sentencing reduction under Section 3582(c)(2) should be limited to the amended guideline range or a "comparabl[e]" reduction.[7]

These judgments of the Sentencing Commission deserve respect. It is appropriate to abide by these restrictions, given that the Commission has properly determined that Section 3582(c)(2)'s exception to the general rule of finality in criminal litigation should extend only to application of the newly amended guideline, not to relitigation of other aspects of the sentence. See USSG § 1B1.10(a)(3) (proceedings under Section 3582(c)(2) "do not constitute a full resentencing of the defendant"). Adherence to the limits imposed by the Commission will also avoid disparity in sentencing among similarly situated defendants. See 18 U.S.C. § 3553(a)(6).

---

[7] This language in the policy statement, refined in the amendment which becomes effective March 3, 2008, casts the Court's error in Hicks in sharp relief. Even more explicitly than before, the amended policy statement makes clear that a sentence reduction is authorized, with one exception, only to the bottom of the amended guideline range. It is plain that the Sentencing Commission is exercising its power, granted in 28 U.S.C. § 994(u), to regulate the limit of a sentencing reduction, and that this statutory provision and this limitation are unaffected by the remedial opinion in Booker. It is for this reason that the government specifically reserves its right to contest the viability of Hicks, which never addressed the significance of Section 994(u).

U.S. v. Braswell
3:97-cr-00068-JKS                19

Accordingly, the government recommends that, consistent with the statutory scheme and the policy statements of the Sentencing Commission, the Court determine whether a reduction in the defendant's sentence is appropriate, and, in this case, find that on the facts no reduction is warranted.

## IV.  THE DEFENDANT HAS NO RIGHT TO APPEAR BEFORE THE COURT.

Defendant argues that he has a right to appear before the Court in connection with his motion for reduction of sentence, filed pursuant to 18 U.S.C. § 3582(c).  However, the defendant's argument is directly refuted by the relevant policy statement, Federal Rule of Criminal Procedure, and case law addressing this issue.  Section 1B1.10(a)(3) clearly states that "proceedings under 18 U.S.C. § 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant."  In addition, Rule 43(b)(4) expressly provides that a defendant "need not be present" when the proceeding involves a reduction of sentence under 18 U.S.C. § 3582(c).[8]  Likewise, the courts of appeal to address this issue have uniformly held that a defendant has no constitutional or statutory right to be present in connection with a motion filed under Section 3582(c).  See, e.g.,

---

[8]    The Advisory Committee Notes concerning the 1998 amendments to Rule 43 state that a defendant's presence is not required at a Section 3582 proceeding because such a proceeding is analogous to a proceeding for correction or reduction of sentence under Rule 35, at which a defendant's presence is not required.

U.S. v. Braswell
3:97-cr-00068-JKS                    20

Anderson v. United States, 241 Fed. Appx. 625, 629 (11th Cir. July 18, 2007) (unpublished) ("Under Federal Rule of Criminal Procedure 43(b)(4), a defendant's presence at a § 3582(c) sentence correction proceeding is not required") (emphasis in original); United States v. Legree, 205 F.3d 724, 730 (4th Cir. 2000) (same); United States v. Tidwell, 178 F.3d 946, 949 (7th Cir. 1999) (same, noting that "a proceeding under 18 U.S.C. § 3582(c) is not a do-over of an original sentencing proceeding where a defendant is cloaked in rights mandated by statutory law and the Constitution").

This rule is justified by the limited scope of a Section 3582 proceeding, which is "not a second opportunity to present mitigating factors to the sentencing judge" but "is simply a vehicle through which appropriately sentenced prisoners can urge the court to exercise leniency to give certain defendants the benefits of an amendment to the Guidelines," United States v. Whitebird, 55 F.3d 1007, 1011 (5th Cir. 1995), and which, therefore, may generally be decided without a hearing. See, e.g., Legree, 205 F.3d at 730 ("a judge need not hold a hearing when considering a Section 3582 motion"); Tidwell, 178 F.3d at 948-49; but see United States v. Byfield, 391 F.3d 277, 280-81 (D.C. Cir. 2004) (district court erred in

denying § 3582 motion without a hearing where factors concerning the court's decision were "reasonably in dispute").[9]

Moreover, as the Seventh Circuit has noted, this principle "makes good practical sense because a defendant, in the federal penal system, often is hundreds if not thousands of miles away from the courthouse where his sentence was originally imposed." Tidwell, 178 F.3d at 949. Transporting, housing, and holding hearings for the approximately 20,000 widely scattered inmates affected by Amendment 706 would not only impose tremendous costs, difficulties, and court and prison congestion unwarranted by the limited and simple nature of Section 3582(c)(2) proceedings, but would also delay the granting of relief under the amendment. For all of these reasons, the defendant has no right to appear before this Court in connection with his motion for reduction of sentence, filed pursuant to Section 3582(c).

---

[9]    Byfield is distinguishable from this case because it involved a factual dispute concerning the applicability of a Sentencing Guidelines amendment to the defendant's conduct at issue. 391 F.3d at 279-81. In this case, by contrast, there is no such factual dispute, and the defendant's motion therefore may be decided without a hearing.

## V.     CONCLUSION

For the reasons stated above, the government respectfully requests that the

defendant's motions for a reduction of sentence pursuant to 18 U.S.C.

§ 3582(c)(2) be denied.

RESPECTFULLY SUBMITTED this 7th day of July, 2008, at Anchorage,

Alaska.

NELSON. P. COHEN
United States Attorney

 s/Retta-Rae Randall
RETTA-RAE RANDALL
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska  99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: rettarae.randall@usdoj.gov


I declare under penalty of perjury that a true and correct copy of the foregoing
was sent to Darla J. Mondou, counsel of record, on July 7, 2008, via:
Electronic Case Filing Notice

A true and correct copy was also sent via U.S. Mail to:
Cyrus D.A. Braswell
Reg. No. 13356-006
F.C.I. Pekin
P.O. Box 5000
Pekin, IL 61555-5000

s/ Retta-Rae Randall


U.S. v. Braswell
3:97-cr-00068-JKS                    23