IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>vs.<br><br>CYRUS D. A. BRASWELL,<br><br>                Defendant. | Case No. 3:97-cr-00068 JKS<br><br>O R D E R |

      Cyrus D. A. Braswell was convicted of various controlled substance offenses. The controlled substance was cocaine base (crack cocaine), and the quantity was determined equivalent to 38,863 kilograms of marijuana. *See* 21 U.S.C. § 841(a) and 18 U.S.C. § 2. The maximum penalty given the amount of cocaine base was life imprisonment. Braswell was convicted by a jury and sentenced on June 11, 1998, to a term of 400 months.

      Recently Braswell filed a motion with this Court seeking to avail himself of a two-level reduction in the guideline range for crack cocaine, which has been made retroactive. *See, e.g.,* 18 U.S.C. § 3582(c)(2) which provides:

> In the case of a defendant who has been sentenced to a term of imprisonment based upon a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section [18 U.S.C. ] 3553(a) to the extent that they are applicable, if such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission.

Braswell initially sought appointment of counsel to assist him with this motion. Since Braswell had previously sued a number of the attorneys on this Court's CJA list and it appeared that the Federal Defender may have a conflict of interest, out-of-district counsel was appointed.

Braswell and counsel disagreed on strategy and Braswell moved *pro se* to be relieved of counsel so that he could pursue issues not strictly associated with 18 U.S.C. § 3582(c)(2). This Court considered Braswell's position and denied the motion. The Court reasoned that § 3582(c)(2) did not involve a resentencing, but merely provided the trial judge the opportunity to consider within her discretion whether a sentencing guideline amendment made retroactive should result in a reduction in the sentence.

Thus, the posture of the case was similar to the situation addressed in *United States v. Ameline*, 409 F.3d 1073 (9th Cir. 2005) (en banc). *Ameline* addressed cases pending on direct review when the Supreme Court's opinion in *United States v. Booker*, 543 U.S. 220 (2005), was decided. *Booker* held that mandatory guidelines were unconstitutional to the extent that they resulted in a sentence increased above a norm based on judicial fact findings which were not conceded by the defendant or found by a jury. *Booker*, 543 U.S. at 224. After *Booker*, any such sentences had to be reversed and remanded for a full resentencing under advisory guidelines. Many sentence appeals pending at the time *Booker* was decided did not involve sentences that had been increased based on judicial fact finding. Nevertheless, while resentencing was not compelled by *Booker* in those cases, the Ninth Circuit concluded in *Ameline* that it was permitted in the discretion of the trial judge. Such cases were remanded to the trial court to determine whether in the sole discretion of the trial judge advisory guidelines would have made a difference.

Since § 3582(c)(2) asks a similar question, this Court concluded that assistance of counsel was necessary to help the Court navigate essentially new law and assure that Braswell received everything that he was due under the amended guideline. Thus, noting that there is no Sixth Amendment right to counsel at a § 3582(c)(2) proceeding, the Court inferred that there was no *Faretta* right as well, and therefore denied counsel's motion to withdraw.

Not to be frustrated, Braswell then made two efforts to end-run the Court's decision. First, he appealed that order, which is currently pending in the Ninth Circuit. Second, Braswell

sought to voluntarily dismiss his motion for sentence reduction. Docket No. 303. The Court denied this motion as it would be inconsistent to insist on counsel for Braswell and yet entertain his *pro se* motion for voluntary dismissal. Docket No. 308.

Braswell has renewed his motion for voluntary dismissal through counsel. Docket No. 311. Counsel's affidavit makes very clear that this is simply a maneuver to attempt once again to dispense with appointed counsel. Docket No. 312. Braswell apparently reasons that if his motion is dismissed and the appointment vacated he will be able to refile *pro se* and to represent himself in the § 3582(c)(2) proceeding.

Braswell's efforts apparently stem from a disagreement with counsel over the scope of a § 3582(c)(2) proceeding. Braswell believes that *Booker* applies to § 3582(c)(2) proceedings in such a way as to require the vacation of his earlier adverse judgment, leading to a full resentencing and a new judgment from which he could appeal anew. This is important to Braswell because over the years he has brought numerous appeals and habeas petitions some of which were denied on procedural grounds including forfeiture of issues. It appears that Braswell believes § 3582(c)(2) provides a door through which he may walk to revive all of the claims previously rejected by this Court and the appellate courts.

The precise question of whether Braswell should be able to fire appointed counsel in a § 3582(c)(2) proceeding is currently before the Ninth Circuit as a result of Braswell's appeal. The order denying removal of counsel was in form an interlocutory order not certified pursuant to 28 U.S.C. § 1292(b). Hence, proceedings are not stayed, but this Court loses jurisdiction to address the precise issue included in the appeal. *United States v. Cheely*, 814 F. Supp. 1430, 1434 (D. Alaska 1992). This would be true even if the court of appeals construed the order denying removal of counsel as a "collateral" order.

As Braswell's motion to dismiss is only a thinly veiled effort to renew his motion to fire appointed counsel, this Court lacks jurisdiction to grant the request, resolving the pending motion.[1]

---

[1] It should be noted that under this Court's order at Docket No. 299, Braswell is free to supplement counsel's motion in writing. If Braswell were *pro se*, he would not be allowed more than this. Thus, Braswell loses nothing by having counsel file a brief which may help him and

An initial sentencing is an integral part of a criminal proceeding. A defendant awaiting initial sentencing is entitled to the assistance of counsel and the right to be present at the sentencing hearing. Fed. R. Crim. P. 43(a)(3). Where a sentence is appealed, vacated on appeal and remanded for "resentencing" the parties are restored to the status quo ante and all of the defendant's rights of an initial sentencing reattach. In such a case, the defendant is entitled to be resentenced. While § 3582(c)(2) creates a potential for a new sentence, it does not guarantee one. No matter what record is developed, the trial court, in the exercise of discretion, may decline to reduce the sentence leaving the original sentence in place. Therefore a proceeding pursuant to § 3582(c)(2) is not a "sentencing," and the defendant has no right to be present. *See* Fed. R. Crim. P. 43(b)(4) (amended in 1998 to make it clear that a discretionary reduction of sentence pursuant to § 3582(c) did not require the presence of the defendant). Further distinguishing § 3582(c)(2) from a "sentencing," at such a proceeding, the defendant has no right to counsel or an evidentiary hearing. *See, e.g., United States v. Townsend*, 98 F.3d 510, 511 (9th Cir. 1996); accord: *United States v. Legree*, 205 F.3d 724 (4th Cir. 2000); *United States v. Whitebird*, 55 F.3d 1007 (5th Cir. 1995); *United States v. Tidwell*, 178 F.3d 946 (7th Cir. 1999). Interestingly, while errors of law are no doubt reviewable on appeal, the exercise of discretion whether to reduce a sentence or not is apparently not reviewable on appeal. *See, e.g., United States v. Lowe,* 136 F.3d 1231 (9th Cir. 1998), *cert. denied* 525 U.S. 972 (1998).

      Braswell is not entitled to counsel in this proceeding as a matter of constitutional law. In the exercise of its discretion, this Court appointed counsel. As of this time there will be no evidentiary hearing. The Court does not intend to bring Mr. Braswell back to Alaska. While there is no right to an updated pre-sentence report, the Court might exercise its discretion to

---

cannot possibly hurt him. Of course, if Braswell limits his supplemental brief to rearguing matters previously decided against him, the Court will simply disregard it. The reason the Court is resisting Braswell's efforts to fire counsel stem from its experience in this litigation. Braswell has been his own worst enemy. Counsel have frequently presented arguable points which might have resulted in a favorable ruling. Unfortunately, Braswell has torpedoed those efforts so that he could pursue hopeless arguments that only served to distract appellate courts from possibly meritorious claims. If Braswell is to obtain any relief it will be because a lawyer dedicated to Braswell's true interest has carefully reviewed § 3582(c)(2), noted potential issues and undecided questions, and made the best argument for Braswell that the law and the facts allow.

request the probation service to prepare a report addressing events subsequent to June 11, 1998. At the present time this Court will not reconsider any fact finding made prior to June 11, 1998, which would include all of the facts in the original Presentence Report upon which the original guideline calculation was based, and the facts found by the Court in its Report of Statement of Reasons.[2] *See* Docket No. 149. Specifically, the Court does not believe that it has jurisdiction to reconsider any prior fact finding. Based upon the original facts, the Court will recalculate the sentencing guidelines using the amendment. Once the new guidelines are determined, which would appear to be a mathematical ministerial act, the Court will entertain the written comments from the parties regarding the application of 18 U.S.C. § 3553(a). At this time, the Court does not anticipate oral argument. The Court will then make a decision whether to reduce the sentence and, if, but only if, it does decide to reduce the sentence, will it treat the reconstituted guidelines as advisory. *See United States v. Hicks*, 472 F.3d 1167 (9th Cir. 2007). The Court may have to resolve current factual disputes under USSG § 1B1.10 regarding Braswell's post-sentencing conduct and any danger he may pose to the public. It is not clear that any dispute regarding these matters will materialize.

**IT IS THEREFORE ORDERED**:

The motion at **Docket No. 311**, construed as a motion to substitute counsel is **DENIED** without prejudice to a further application should the Ninth Circuit dismiss the appeal without determining Braswell's right to proceed *pro se*.

Dated this 9th day of July 2008.

/s/ James K. Singleton, Jr.
**JAMES K. SINGLETON, JR.**
United States District Judge

---

[2]The Court recognizes it enhanced Braswell's sentence based in part on judicial fact finding in contravention of the teaching of *Booker*. The rule however does not apply retroactively to cases, such as this one, that were final prior to the Court's decision in *Booker*. *United States v. Cruz*, 423 F.3d 1119, 1120 (9th Cir. 2005).