IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　　　Plaintiff,<br>vs.<br>CYRUS D. A. BRASWELL,<br>　　　　　　Defendant. | Case No. 3:97-cr-00068 JKS<br><br>O R D E R |

Currently before the Court is Defendant's motion pursuant to 18 U.S.C. § 3582(c)(2), seeking to avail himself of a two-level reduction in the guideline range for crack cocaine, which has been made retroactive. Docket Nos. 300 (Mot.); 301 (Mem.); 315 (Opp'n); *see also* United States Sentencing Commission, Guidelines Manual § 1B1.10(c) (Supp. May 2008) ("USSG") (making retroactive Amendment 706 as amended by 711, and 715).

## BACKGROUND

Cyrus D. A. Braswell was convicted by a jury of various controlled substance offenses. At the time of Defendant's original imposition of sentence, the Court found that Defendant was responsible for a combination of crack cocaine (156 grams), cocaine powder (111.8 grams), and marijuana (1300 grams). In accordance with USSG § 2D1.1 cmt. n.12, the Court found that the drugs seized did not reflect the scale of the offense. Docket No. 315-2 at 4-9. The Court therefore approximated an additional quantity of crack cocaine based on, *inter alia*, Defendant's financial records. *See id*. The total amount of drugs was then converted to marijuana equivalent, totaling 38,863 kilograms. This placed Defendant in offense level 38. The Court then added an upward adjustment of two levels for obstruction of justice on account of the Defendant's false

statements made under oath during trial. *See id.* at 15-16, 21-22. The resulting total offense level of 40 was combined with a criminal history category of III for a sentencing range of 360 months to life imprisonment.[1] *See id.* at 22. After taking all the applicable factors into consideration, this Court sentenced Braswell to a term of 400 months' imprisonment.

## APPLICABLE LAW

Ordinarily, a district court may not modify a term of imprisonment once it has been imposed. 18 U.S.C. § 3582(c). Congress has given district courts jurisdiction to modify a sentence only under limited circumstances, including *inter alia*, when an applicable sentencing range has been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). Where a defendant seeks a reduction of his sentence because of a reduction in a sentencing range, jurisdiction is found exclusively under § 3582(c)(2). *See Hamilton v. United States*, 67 F.3d 761, 763-64 (9th Cir. 1995).

Proceedings to modify a sentence under § 3582(c)(2) do not constitute a full re-sentencing. *See* USSG § 1B1.10(a)(3); *United States v. Hicks*, 472 F.3d 1167, 1171 (9th Cir. 2007). Rather, the proceedings address the very limited issue of whether, and to what extent, a district court should exercise its discretion to reduce a term of imprisonment based on the reduced sentencing range, the factors set forth in 18 U.S.C. § 3553(a), and the applicable policy statements issued by the Sentencing Commission.[2] *See* 18 U.S.C. § 3582(c)(2); *United States v. Townsend*, 93 F.3d 510, 512-13 (9th Cir. 1996). Accordingly, it does not appear that a court's limited jurisdiction under the statute permits it to reconsider the judgment of conviction or the facts upon which the earlier sentence was imposed.

Instead, a court first determines "the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (c) had

---

[1] Defendant incorrectly argues he was placed in criminal history category II. The Court found that Braswell's criminal history score inadequately represented the seriousness of his criminal conduct and departed upward to category III in order to reflect the drug dealing for which he was responsible for between 1994 and 1996. Docket No. 315-2 at 13-15.

[2] Although district courts must treat the guidelines as advisory in setting a new sentence under § 3582(c)(2), *see Hicks*, 472 F.3d at 1168, this does not change the limited nature of the proceedings.

been in effect at the time the defendant was sentenced." USSG § 1B1.10(b)(1). After determining the amended guideline range, a court next decides whether a reduction is warranted. *See* USSG § 1B1.10 cmt. n.1(B). If a court determines a reduction is warranted, it then determines the extent of the reduction, recognizing that the amended guideline range is merely advisory. *See id.*; *Hicks*, 472 F.3d 1169, 1173. The latter two determinations are made only after consideration of the factors set forth in 18 U.S.C. § 3553(a), the "nature and seriousness of the danger to any person or the community that may be posed by a reduction," and the post-sentencing conduct of the defendant. USSG § 1B1.10 cmt. n.1(B).

## ANALYSIS

1. Amended guideline range

The recent amendments to the Guidelines Manual have somewhat reduced the complexity of calculating a base offense level where the offenses involved crack cocaine and other controlled substances. All controlled substances are converted to an equivalent weight of marijuana and totaled. *See* USSG § 2D1.1 cmt. n.10(B) and (D). The resultant total is then used to determine the offense level from the drug quantity table. *Id.* The combined offense level is then simply reduced by two levels. *Id.* The new offense level is then cross-referenced with the original criminal history category to arrive at the amended sentencing range. If the amended range is lower, the defendant is eligible for a reduction pursuant to § 3582(c)(2).

Defendant submits his amended guideline range is 262 - 327 months. Docket No. 300 at 4. This is based on a two-level reduction from 40 to 38 in the overall offense level, and a criminal history category of II. *Id.* The Government concedes that Defendant is eligible for a reduction under § 3582(c)(2). Docket No. 315 at 7. By its calculation, the adjusted guideline range is 292 - 365 months. *Id.* This is based on an adjusted offense level of 38 and a criminal history category of III. *Id.*

Here, the Court determined, at the original imposition of sentence, that the total quantity of drugs was equivalent to 38,863 kilograms of marijuana. This quantity has not been challenged in the present proceedings, nor does the Court believe it can be challenged at this juncture. The resultant offense level is 38. Under the amended guidelines, this is reduced by two levels to 36. None of the exceptions to the two-level reduction apply in this case. *See* USSG § 2D1.1 cmt.

n.10(D)(ii). Finally, the two-level upward adjustment for obstruction of justice is reincorporated for a final amended offense level of 38.

The parties disagree over Defendant's criminal history category. It is readily apparent from the record that, at the time of the original imposition of sentence, this Court adjusted Defendant's criminal history category upward to category III in order to properly reflect the seriousness of his criminal history. *See* Docket No. 315-2 at 13-15. The adjusted criminal history category of III combines with an offense level of 38 for a sentencing range of 292 - 365. USSG, ch. 5, pt. A. As the guideline range applicable to the Defendant has been reduced, he is eligible for a reduction under § 3582(c)(2). *See* USSG § 1B1.10 cmt. n.1(A).

2. Whether a reduction is warranted?

The decision to grant a reduction pursuant to § 3582(c)(2) is discretionary. *United States v. Aguilar-Ayala*, 120 F.3d 176, 179 (9th Cir. 1997). A court need only exercise its discretion after weighing the factors set forth in § 3553(a), and the "nature and seriousness of the danger to any person or the community that may be posed by a reduction." A court may also consider the post-sentencing conduct of a defendant. USSG § 1B1.10 cmt. n.1(B).

Defendant argues that he should receive a reduction to the low end of the amended range on account of the fact he has not been "convicted" of any offenses in prison over the last decade. *See* Docket No. 301 at 4-6. The Government argues that the Court should not exercise its discretion to reduce Defendant's sentence given the nature and seriousness of Braswell's danger to the community. *See* Docket No. 315 at 12-13.

The Court first examined the § 3553 factors with regard to Braswell at the time of the original imposition of sentence. *See* Docket No. 315-2 at 25-29. At that time, the Court wrote:

> Cyrus Braswell presents a very difficult sentencing decision. He was born August 27, 1961, and is currently 36 years old. According to a life expectancy table for African-American (Black) males consulted by the Court, Braswell has a live expectancy of approximately 34 years or 408 months. The question therefore is how large a percentage of that 408 months Braswell should remain in prison to satisfy the standards set out in 18 U.S.C. §§ 3551 and 3553. In 18 U.S.C. § 3553(a), Congress cautions trial judges to impose the minimum sentence which will satisfy the criteria in § 3553(a)(2), namely (A) retribution--the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes by the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

This Court brings almost twenty-eight years of judging to this decision. I spent ten years on the state superior court as a trial judge of general jurisdiction responsible for felony sentencing. I spent ten years on the state's court of intermediate appeals, a court whose jurisdiction was exclusively criminal and who had the responsibility to hear sentence appeals which at the time were a matter of right in Alaska. Finally, for the past almost eight years I have been a federal trial judge responsible for imposing sentences under the Guidelines. During those years, I have been exposed to criminal defendants of all races, religions, ethnic backgrounds, and national origins. I have been exposed to numerous defendants who were suffering from virtually every kind of mental disease or defect, including many psychotics and many with an anti-social personality defect. I fully believe that most sentences should emphasize deterrence of the individual and his or her reformation or rehabilitation. Maximum or near maximum sentences should be reserved for those who show little likelihood of deterrence or little capacity for rehabilitation: the men and women for whom incapacitation is the only realistic sentencing goal. For such people, community protection must be the primary goal of sentencing. Such men and women are extremely rare.

Many young men have appeared before me with an attitude similar to Braswell's. They believe that they are victims of parents, schools, society, the government, or whatever racial or ethnic background they represent. They are frequently defiant and often in denial. They almost always excuse their conduct by blaming their victim(s). But despite a bad attitude, they almost never reoffend. Experience teaches that the majority of young men convicted of felonies find the whole process so unpleasant that they are not brought back to court. A significant minority do reoffend, but even they tend to slow down as criminals as they age, and by age 25 have withdrawn from active involvement in criminal activity. A small minority continue to reoffend after the age of 25 and they are the ones for whom significant sentences should be reserved.

Braswell committed his first adult crimes shortly after he turned twenty. He was convicted of weapons and drug offenses. He seems to have been almost continuously in trouble after that. *See* ¶¶ 47-50, 53, 54. While the events described in the latter two paragraphs should not be considered as convictions, and the events in the earlier paragraphs considered only as background, it is interesting that Braswell's 1987 conviction for attempted rape, assault, and kidnaping was not completely out of character. Braswell was 25 at the time. More importantly, Braswell apparently learned nothing from his conviction and resulting sentence. His parole officers testified eloquently to Braswell's attitude when released, including a threat against his victim. It is rare to encounter someone who is such a complete failure on parole at the relatively mature age of 25 in the absence of drug or alcohol addiction or serious mental injury. Braswell has been in and out of prison for years and before many courts, and no one has suggested that he is drug or alcohol dependant or mentally ill. Most disturbing, while still on parole supervision, during a time when most convicts are most careful about their behavior, Braswell began to deal seriously in crack cocaine using Nicole's Art, which he established in 1993, and later Art World as fronts. It is clear that Braswell was engaged in the commercial distribution of crack cocaine at least since July of 1994 when he used a residence supplied to him by a girlfriend, Melodie Capener, and later from his own residence.

Braswell's repeated perjury and obstruction of justice and his total denial of responsibility, as expressed in his allocution, establishes to the extent that evidence can that he is not capable of reformation, rehabilitation, or individual deterrence. The only appropriate sentencing goal is to incapacitate him until he is no longer capable of harming the public. This Court has seriously considered a life sentence without possibility of parole for Braswell. Given his age and his

>total failure to learn from past prison sentences, parole supervision, or "close shaves" in drug prosecutions, Braswell will most likely reoffend immediately after he is released. If Braswell was going to simply outgrow crime it would appear that he would have done so long before now. Nevertheless, a 400-month sentence followed by 60 months of supervised release during which, in contrast to his experience in state court, he will be subject to warrantless searches for drugs, weapons, and evidence of violation of supervised release based on reasonable suspicion, will assure the public that Braswell will be subject to supervision for almost the rest of his life, but will at the same time give him some hope and incentive to cooperate with correctional officials in order to earn good time credits. *See* 18 U.S.C. § 3624.

Docket No. 315-2 at 25-29 (footnotes omitted).

In the ten years that have passed since the Court penned that analysis only three things have changed. First, the sentencing range applicable to Braswell has been reduced to reflect the Sentencing Commission's evolving understanding of controlled substance offenses involving crack cocaine *vis-a-vis* other drugs. Second, Braswell has spent a decade in prison allegedly without committing a violent offense or being convicted of a new crime.[3] Third, this Court has gained another decade of sentencing experience.

Despite Braswell's relatively decent conduct in prison, the Court remains convinced that incapacitation is the only appropriate sentencing goal given Braswell's lengthy history of recidivism, repeated obstruction of justice, and his total denial of responsibility. This Court continues to believe that Braswell will likely reoffend immediately after release and poses a continuing danger to the community. However, the Court also wishes to avoid unwarranted sentencing disparities in light of the Sentencing Commission's choice to reduce the sentencing disparity between crack cocaine and powder cocaine offenses. The Court believes a slight reduction is therefore warranted in order to balance these competing interests.

3. Amount of reduction

At the original imposition of sentence, the Court seriously considered sentencing Braswell to life without the possibility of parole. Docket No. 315-2 at 28. The Court also noted that had it not converted cash to drugs reducing the combined offense level to 36 it would have

---

[3]Defendant admits he has been subject to various non-violent disciplinary actions, but argues that the absence of violent conduct or new convictions demonstrates some degree of rehabilitation. The Government has not challenged Braswell's assertions and the Court assumes they are true for the purposes of its analysis.

been inclined to "depart upward to permit a sentence nearer the 400 months imposed." *Id*. at 22. The Court believes that 365 months imprisonment followed by 6 years of supervised release is sufficiently near the original 400 months to incapacitate Braswell, deter others, and protect the community. The Court recognizes the amended guideline range is merely advisory, but believes 365 months appropriate given all the § 3553(a) factors, public safety, and Braswell's post-sentencing conduct.

**IT IS THEREFORE ORDERED**:

The motion at **Docket No. 300** is **GRANTED.** Braswell's sentence of 400 months' imprisonment is reduced to **365 months**. All other components of the sentence remain unchanged. The hearing scheduled for August 27, 2008, is **VACATED**. An Order will be issued reflecting the sentence reduction.

Dated this 22nd day of August 2008.

/s/ James K. Singleton, Jr.
**JAMES K. SINGLETON, JR.**
United States District Judge
