**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>CYRUS D.A. BRASWELL, )<br>)<br>Defendant. )<br>_____) | No. 3:97-cr-0068-HRH |

O R D E R

Motion to Dismiss[1]

Defendant moves for an order dismissing the 1997 indictment returned against him by the Federal Grand Jury. The motion is opposed by plaintiff.[2] Defendant requests an evidentiary hearing.[3]

There is no need for an evidentiary hearing in connection with defendant's motion to dismiss, for, as set out below, there are no facts in dispute with respect to this matter. Rather, defendant's motion raises legal issues which are controlled by applicable statutes and court rules based upon the official record in this case.

---

[1] Docket No. 514.

[2] Docket No. 530.

[3] Docket No. 528.

Order – Motion to Dismiss                                                                                          - 1 -

Due to the age of this case, the paper record created in this case prior to December of 2005 has been sent to archives. Nevertheless, it is clear and undisputed that a Federal Grand Jury indicted defendant in June of 1997. A superseding indictment was returned July 15, 1997, charging: four counts of distribution of a controlled substance; a fifth count of possession with intent to distribute controlled substance; counts six and seven, maintaining a place for drug trafficking; and counts eight and nine, money laundering. Defendant was tried and found guilty by the trial jury on counts one through seven and count nine. Count eight was dismissed by the Government. Defendant was sentenced and judgment entered against him on June 16, 1998. A copy of the judgment is attached as Exhibit A. A merits appeal was taken and the judgment of the district court was affirmed in an unpublished memorandum disposition. United States v. Braswell, No. 98-30198, 2000 WL *335570 (9th Cir. Mar. 30, 2000). After motion practice not here relevant, defendant filed a pro se motion pursuant to 28 U.S.C. § 2255 in this district court. In the course of those proceedings, the issue that defendant raises here – namely, the fact that the indictment did not identify the drugs in question – was raised. The assigned magistrate and the district judge both concluded that the indictment against defendant was sufficient. The motion was denied.

A further appeal was taken by defendant, and a motions panel granted a certificate of appealability on the question of whether the defendant's constitutional rights were violated because the indictment failed to allege the kind of drug involved in the offenses charged. By decision filed September 4, 2007, the court of appeals held that "Braswell's claim that his indictment was constitutionally deficient is procedurally barred." United States v. Braswell, 501 F.3d 1147, 1150 (9th Cir. 2007).

The focal point of defendant's motion to dismiss is the fact that the indictment did not identify the specific drug associated with each count of the indictment. Rather, the several counts of the indictment simply made reference to "a Schedule II controlled substance" or "a Schedule I controlled substance." A copy of the first superseding indictment is attached to this order as Exhibit B.

Defendant bases his motion to dismiss upon Rule 47(a) and (d), Federal Rules of Criminal Procedure, and Rule 12(b)(2), Federal Rules of Criminal Procedure. Rule 47(b) sets out the form and content of motions and subsection (d) requires an affidavit supporting a motion. Defendant has complied with this rule. Rule 12(b)(2) provides that "[a] motion that the court lacks jurisdiction may be made at any time while the case is pending." There is no criminal case pending in this court against defendant.

After a criminal case is concluded, this court's jurisdiction over constitutional violations is found in 28 U.S.C. § 2255. Although what is before the court is characterized as a motion pursuant to the Federal Rules of Civil Procedure, it is in substance a second § 2255 motion that raises the very same issue that was the subject of defendant's earlier § 2255 motion. Thus the instant motion is procedurally barred for the very same reasons that defendant's first motion failed. Moreover, 28 U.S.C, § 2255(h) provides: "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain" newly discovered evidence or the existence of a new rule of constitutional law. There is no record of defendant having sought and obtained leave of the court of appeals for a second § 2255 motion, nor does defendant's motion contain any showing that there is new evidence or a new rule of constitutional law applicable to his situation.

Defendant's motion to dismiss the Federal Grand Jury indictment on the theory that it failed to properly charge an offense is denied for lack of a certificate of appealability from the Ninth Circuit Court of Appeals. A certificate of appealability as to this order is denied.

DATED at Anchorage, Alaska, this  9th  day of May, 2019.

/s/ H. Russel Holland
Senior United States District Judge