WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,        )<br>                                                         )<br>                            Plaintiff,    )<br>                                                         )<br>    vs.                                                )<br>                                                         )<br>CYRUS D.A. BRASWELL,                )<br>                                                         )<br>                            Defendant.  )<br>_____) | No. 3:97-cr-0068-HRH |

O R D E R

Motion to Reduce Sentence[1]

Defendant moves pro se for a reduction of his current 365-month sentence imposed by this court's judgment of August 22, 2008.[2] The court interprets defendant's motion to seek relief under both 18 U.S.C. § 3582(c)(2) and Section 404 of the First Step Act of 2018, Pub. L. No. 115-391. The motion is opposed.[3] Defendant has served and filed his reply.[4] By a case status order of February 12, 2019,[5] the court posed several

---

[1]Docket No. 505.

[2]Docket No. 321.

[3]Docket No. 507.

[4]Docket No. 511.

[5]Docket No. 509.

Order – Motion to Reduce Sentence                                                                                           - 1 -

questions to the parties, to which they responded.[6] The court ordered an updated pre-sentence report from the Probation Service which was filed under seal on February 15, 2019.[7] The court had intended that defendant receive a copy of the addendum to the pre-sentence report, but that did not happen; and on March 19, 2019,[8] the defendant requested the addendum to the pre-sentence report which was forwarded to him. The defendant's reply regarding the addendum to the pre-sentence report was filed April 2, 2019.[9] As a result of the court's order of March 29, 2019,[10] the court received an additional reply from defendant.[11]

There are no factual disputes as to defendant's motion. No hearing is necessary.

### Application of First Step Act of 2018

Section 404 of the First Step Act of 2018 was enacted to extend the availability of sentence reductions authorized by Section 2 of the Fair Sentencing Act, Pub. L. No. 111-220 to certain additional defendants. To obtain the benefit of Section 404(b), a defendant must have been imprisoned with respect to a "covered offense". Section 404(a). A covered offense is one based upon a violation of a federal criminal statute committed before August 3, 2010, the statutory penalty for which was modified by Section 2 of the Fair Sentencing Act.

---

[6] Plaintiff's supplement to opposition, Docket No. 512; defendant's memorandum of March 28, 2019, Docket No. 519.

[7] Docket No. 510.

[8] Docket No. 516.

[9] Docket No. 523.

[10] Docket No. 520.

[11] Docket No. 526.

Defendant committed multiple violations of a federal criminal statute: 21 U.S.C. § 841(a)(1).[12] The offenses were all committed prior to August 3, 2010. Section 2 of the Fair Sentencing Act modified the statutory penalties for violations of 21 U.S.C. § 841(a). The Fair Sentencing Act raised the threshold beyond which statutory, mandatory minimum sentences for violation of 21 U.S.C. § 841(b)(1)(A)(iii) apply, from 50 grams of cocaine base to 280 grams of cocaine base. Pertinent to this case, subsection 21 U.S.C. § 841(b)(1)(A)(iii), as amended, made drug offenses involving 280 grams or more of cocaine base subject to a ten-year mandatory minimum sentence. If Section 2 of the Fair Sentencing Act had been in effect in 1998 when defendant was sentenced, he would have been subject to a mandatory minimum sentence of ten years if he were responsible for 280 grams or more of cocaine base, irrespective of a lower advisory guideline sentencing range. As discussed below, defendant was responsible for far in excess of 280 grams of cocaine base, and his guideline range was much higher than 10 years.

As reflected by the pre-sentence report which preceded defendant's original sentencing, he was responsible for 156 grams of cocaine base, 111.8 grams of powder cocaine, and 1,300 grams of marijuana. In addition, defendant was held responsible for another 1,786 grams of cocaine base because of his receipt of a total of $70,168 in proceeds from dealing in cocaine base. Converting those drug quantities to the equivalent amount of marijuana, defendant was responsible for 38,863 kilograms of marijuana.[13] Defendant's original sentence was controlled by the amount of drugs for which defendant was responsible, not by subsection 841(b)(1)(A)(iii). Based upon the amount of drugs for

---

[12]Counts 1 through 4 of the superseding indictment against defendant were for distribution of controlled substances, and Count 5 was for possession with intent to distribute controlled substances.

[13]Presentence report revised January 30, 1998, at 8-9, ¶¶ 25, 25(a), 25(b), and 26.

which defendant was responsible (38,863 kilograms of marijuana), his base offense level was 38. An upward adjustment of two levels for obstruction of justice was added, for a total offense level of 40. Defendant's criminal history category was determined to be III. Docket No. 147 at 8. The advisory guideline range for imprisonment was therefore 360 months to life.

Defendant was sentenced to a term of imprisonment of 400 months.[14] Defendant did not receive a statutory, mandatory minimum sentence. If the amendment to subsection 841(b)(1)(A)(iii) had been in effect at the time of sentencing, it would not have affected defendant's sentence.

In consideration of the foregoing, defendant's motion for relief based upon the First Step Act and Fair Sentencing Act is denied.

## Section 3582(c)(2)

Based upon 18 U.S.C. § 3582(c)(2), defendant seeks a reduction of his current sentence of 365 months to time served. In opposing a sentence reduction, plaintiff contends that a sentence reduction is not warranted.

At age 37, defendant was charged, tried, convicted, and sentenced for five violations of 21 U.S.C. § 841(a)(1).[15] The defendant's presentence report[16] and judgment found defendant to have been responsible for distribution or possession of the following controlled substances: 156 grams of cocaine base; 111.8 grams powder cocaine, 1,300 grams of marijuana, and $70,168 of proceeds from dealing in cocaine base (which was

---

[14] Docket No. 147 at 3.

[15] Docket No. 147. Counts 1 through 4 were distribution of controlled substances and the fifth count was possession with intent to distribute controlled substances.

[16] Presentence report revised January 30, 1998, at 8-9, § 25 to 25(b).

converted to 1,786 grams of cocaine base). Using the 1997 drug equivalency tables – U.S.S.G § 2.D.1.1 Application Note 8(D) – the foregoing drug quantities were converted to the equivalent amount of marijuana: 38,863 kilograms. Based upon that computation, defendant's base offense level was 38. U.S.S.G. § 2D1.1(c)(2) (1997). The court imposed a two-level upward adjustment for obstruction of justice. A presentence report placed defendant's criminal history category at II. However, the sentencing judge imposed a variance to criminal history category III. Defendant's total offense level of 40 and criminal history category III yielded an advisory sentencing range of 360 months to life imprisonment.[17] A sentence of 400 months was imposed,[18] to be followed by five years of supervised release.[19]

In 2008, defendant sought and was granted a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). Defendant's amended total offense level was 38. His criminal history category remained III, and his amended guideline range was 292 to 365 months. Defendant's sentence was reduced from 400 months to 365 months.[20] Defendant has presently served approximately 260 months.[21]

By the instant motion, defendant seeks a further sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) based upon a further amendment to the Sentencing Commission

---

[17] Docket No. 147, Statement of Reasons at 8.

[18] Id., Judgment at 3.

[19] Id., Judgment at 4.

[20] Docket No. 321. The order granting a sentence reduction expressly provided that: "[E]xcept as provided above, all provisions of the judgment dated 6/16/98 shall remain in effect." Thus, defendant remains subject to a five-year term of supervised release following completion of his current sentence.

[21] Appendix to Presentence Report at 6, Docket No. 510.

guidelines. Amendment 750 to the Sentencing Commission guidelines effected a substantial revision of the drug equivalency tables.

Under the 1997 drug equivalency table, defendant was responsible for 38,863 kilograms of marijuana. Under the current drug equivalency table, U.S.S.G. § 2D1.1, Application Note 8(D), one gram of cocaine powder equals 0.2 kilograms of marijuana, and one gram of cocaine base equals 3.571 kilograms of marijuana. Under the current drug equivalency table, defendant is responsible for the following:

> 156 grams of cocaine base converts to 557.0 kilograms of marijuana;
>
> 111.8 grams of powder cocaine converts to 22.36 kilograms of marijuana;
>
> 1,300 grams of marijuana equals 1.3 kilograms of marijuana; and
>
> $70,168 equals 1,786 grams of cocaine base which converts to 6,377.8 kilograms of marijuana;

totaling 6,958.5 kilograms of marijuana.

Defendant's new base offense level is 32. U.S.S.G. § 2D1.1(c)(4). With the two-level adjustment for obstruction of justice, defendant's total offense level is now 34. His criminal history category remains III,[22] and his new advisory guideline sentencing range is 188 to 235 months. Laying aside other factors which must be considered – and if the court were to reduce defendant's current sentence from 365 months to 235 months – defendant would presently be in the position of having served a little over two years

---

[22]The court's authority to reduce a defendant's sentence in proceedings under 18 U.S.C. § 3582(c)(2) "do not constitute a full resentencing of the defendant." U.S.S.G. § 1B1.10 (a)(3). Thus the court is bound to retain the two-level upward adjustment for obstruction of justice found by the original sentencing court. The same is true of the original sentencing court's determination that defendant's criminal history category should be III due to that court's view that a criminal history category II understated the seriousness of defendant's prior offense conduct.

beyond the maximum sentence which the court might impose based upon current guidelines.

Section 3582(c) of Title 18 of the United States Code provides in pertinent part:

> (c) <u>Modification of an imposed term of imprisonment</u>.—
> The court may not modify a term of imprisonment once it has been imposed except that ....
>
> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(*o*), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

As set out above, as a consequence of amendments to the drug equivalency tables, the sentencing range to which defendant is subject has been lowered by the Sentencing Commission. As discussed below, the court is considering the factors set forth in Section 3553(a) of Title 18 of the United States Code, and the court is mindful of the requirement that any sentence reduction must be "consistent with applicable policy statements issued by the Sentencing Commission."

The Sentencing Commission's policy statement with respect to the reduction of a term of imprisonment based upon an amended guideline range is set forth in U.S.S.G. § 1B1.10. The court has discretion to reduce a defendant's term of imprisonment consistent with this policy statement. U.S.S.G. § 1B1.10(a)(1).

In considering a sentence reduction, the court must and, as set out above, has determined the amended guideline range that would have been applicable to the defendant if the guideline amendment in question had been in effect at the time the defendant was

originally sentenced. U.S.S.G. § 1B1.10(b)(1). The discretion of the court is limited by U.S.S.G. § 1B1.10(b)(2)(C), which prohibits the reduction of a defendant's sentence to a term of imprisonment less than the defendant has already served. Finally, U.S.S.G. § 1B1.10, Application Note 1(B), sets out the factors which the court is to consider in ruling on a motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). The court must generally consider the 18 U.S.C. § 3553(a) factors. The court must consider the nature and seriousness of the danger to any person or the community. "The court may [but is not required to] consider post-sentencing conduct of the defendant that occurred after the imposition of the term of imprisonment in determining: (I) whether a reduction in the defendant's term of imprisonment is warranted; and (II) the extent of such reduction, but only within the limits described in subsection (b)." U.S.S.G. § 1B1.10 Application Note 1(B)(iii).

In considering the sentencing factors set out in 18 U.S.C. § 3553(a), and for purposes of considering whether a sentence reduction is appropriate, the court has focused primarily upon two factors: adequate deterrence to criminal conduct and protection of the public from further crimes. 18 U.S.C. § 3553(a)(2)(B) and (C). The Sentencing Commission policy factors as regards sentence reductions similarly focus upon "the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment." U.S.S.G. § 1B1.10, Application Note 1(B)(ii).

The foregoing factors were of course considered in fashioning defendant's original sentence. The Sentencing Commission has surely considered deterrence of criminal conduct, protection of the public, and, more generally, the seriousness of offenses when it effected a very significant reduction in advisory guideline ranges for sentencing

defendants convicted of dealing in cocaine base. At present, defendant has been imprisoned for 260 months (in excess of 20 years) and two years beyond the maximum sentence that the court would likely have imposed had the guidelines currently in force been in effect in 1998 when defendant was originally sentenced. The Sentencing Commission's reevaluation of the relative seriousness of cocaine base in relation to other drugs supports a sentence reduction.

The court is entitled to consider defendant's post-sentence conduct in deciding whether to approve a sentence reduction otherwise authorized by amended guidelines. The court has been provided with Bureau of Prisons' records of infractions of prison rules by defendant.[23] In an Addendum to the Presentence Report prepared in connection with these proceedings,[24] the court's Probation Service has provided the court with an analysis of defendant's conduct while incarcerated.[25] Defendant has not been a model prisoner. He has been sanctioned for multiple assaults on fellow prisoners and multiple threats to fellow prisoners. The ultimate question before the court is whether defendant's post-sentence conduct presents so serious a threat to public safety that any sentence reduction should be denied or that any reduction be limited.

There is one additional factor: a circumstance not addressed expressly in the Sentencing Commission guidelines or policies that served to inform the court as to an appropriate and just resolution of defendant's motion for a sentence reduction. While

---

[23]Opposition to Motion for Sentence Reduction, Disciplinary Record, Docket No. 507-1

[24]Docket No. 510 (Under Seal).

[25]Id. at 6.

incarcerated, and therefore a part of defendant's post-sentence conduct, were threats to do bodily harm to a district judge who previously presided over this case.

Defendant was indicted,[26] tried, convicted, and sentenced for three violations of 18 U.S.C. § 876(c), mailing threatening communications.[27] Defendant was sentenced to a further term of imprisonment of 97 months.[28] This new sentence is expressly to be served concurrently as regards the three offenses, but "consecutively to the sentence" imposed in this case.[29] Defendant has served 260 months of his current 365-month sentence. Defendant has served 25 months beyond the 235-month sentence which current guidelines recommend; and he will serve another 97 months for threatening a federal judge.

Having considered the factors set out in 18 U.S.C. § 3553(a), and having considered the Sentencing Commission policy statements contained in U.S.S.G § 1B1.10 and the Application Notes thereto, it is the court's judgment that requiring defendant to serve an additional 105 months on the judgment in this case is excessive. Denial of defendant's motion for sentence reduction will leave him without any relief based upon the Sentencing Commission's reduction of the disparity of sentencing treatment as between powder cocaine and cocaine base. The public is, of course, entitled to a good measure of continuing protection from defendant's hostile propensities as reflected by his post-sentence conduct. But granting defendant's motion for a sentence reduction will not

---

[26] Docket No. 507-5.

[27] United States v. Cyrus Dennis Braswell, No. 1:18-cr-00034-DAD-BAM, United States District Court (E.D. Cal.), Judgment of May 23, 2019, Docket No. 196.

[28] Id., Docket No. 196 at 2.

[29] Id.

leave the public unprotected. Defendant has 97 months to serve on his new sentence. Defendant will be approximately 66 years of age after service of the new sentence and will then be required to serve a five-year term of supervised release that will hold over with respect to the judgment in this case. Defendant will not be free of supervision until approximately age 71.

The court views defendant's post-sentence conduct and the threats which have given rise to a new conviction as part of a continuing course of conduct[30] that bespeaks a poor adjustment to incarceration and potentially a risk to the public that might continue if defendant were free of any supervision now. But defendant's new criminal offenses are not different in nature from his other post-sentence conduct. Defendant's new sentence does not suggest a new or different risk to the public. Rather, defendant's threats leading to a new sentence are part of the same pattern of conduct for which defendant has been sanctioned while in prison. To require defendant to serve 105 months based upon assaults and threats against fellow prisoners and an additional 97 months based upon threats to a district judge strikes the court as an outcome which a reasonable person would consider excessive – that is, there is an appearance of doubling up on the sanctions imposed for a single course of conduct. The court concludes that defendant's service of 25 months beyond the maximum term which the court might impose under today's guidelines based upon threats and assaults to other prisoners is sufficiently punitive as regards defendant's post-sentence conduct.

The court also concludes that service of defendant's new 97-month sentence is sufficient to protect the public and deter defendant's future conduct.

---

[30]The court here has reference to the facts: the nature of defendant's conduct. The court is not suggesting that defendant's post-sentencing conduct constitutes a course of conduct as that term is used in the Sentencing Commission guidelines.

Defendant's motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) is granted. Defendant's current sentence of 365 months is reduced to time served. Concurrent herewith, the court is entering AO Form 247 (Mar. 2019), making this order effective **June 24, 2019**.

DATED at Anchorage, Alaska, this  12th  day of June, 2019.

/s/ H. Russel Holland
Senior United States District Judge
