# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

UNITED STATES OF AMERICA,

Plaintiff,

Case No. 3:97-cr-00068-SLG-MMS

v.

CYRUS D.A. BRASWELL,

Case No. 3:24-cr-00078-SLG-MMS

Defendant.

## ORDER ON PENDING MOTIONS

In December 2025, U.S. Probation filed petitions for summons alleging a violation of the conditions of supervised release in each of the above two referenced cases.[1]

Before the Court in Case No. 3:97-cr-00068-SLG-MMS are the following three motions:

(1) Defendant Cyrus D.A. Braswell's Motion for an Order at Docket 590. No response was filed.

(2) Defendant's Corrected Motion for an Order at Docket 592, to which the Government responded in opposition at Docket 596.

(3) Defendant's Renewed Motion for an Order at Docket 602, to which the Government responded in opposition at Docket 605.

---

[1] Docket 581 in Case No. 3:97-cr-68; Docket 3 in Case No. 3:24-cr-78.

Also before the Court in Case No. 3:24-cr-00078-SLG-MMS is Defendant's Renewed Motion for an Order at Docket 13. No response was filed.

All of the above motions were referred to the Honorable Magistrate Judge Matthew M. Scoble. At Docket 607 in Case No. 3:97-cr-00068-SLG-MMS and at Docket 17 in Case No. 3:24-cr-00078-SLG-MMS, Judge Scoble issued a Report and Recommendation in which he recommended that the motions all be denied. Defendant filed objections to the Report and Recommendation at Docket 25 in Case No. 3:24-cr-00078-SLG-MMS.  The Government did not file a reply.

Also before the Court in Case No. 3:97-cr-00068-SLG-MMS is Defendant's Written Objection at Docket 579 wherein he objects to the seizure of his 2025 Permanent Fund Dividend issued by the State of Alaska.  No response was filed.

At Docket 618 in Case No. 3:97-cr-00068-SLG-MMS and at Docket 29 in Case No. 3:24-cr-00078-SLG-MMS, the Government filed a transcript of Defendant's sentencing hearing in Case No. 18-cr-00034 from the Eastern District of California held on May 20, 2019.

## LEGAL STANDARD

The motions that were referred to the Magistrate Judge are now before this Court pursuant to 28 U.S.C. § 636(b)(1).  That statute provides that a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."[2]  A court is to "make a de novo determination of

---

[2] 28 U.S.C. § 636(b)(1).

Case Nos. 3:97-cr-00068-SLG-MMS; 3:24-cr-00078-SLG-MMS, *USA v. Braswell*
Order on Pending Motions
Page 2 of 7
Case 3:97-cr-00068-SLG-MMS     Document 619     Filed 04/15/26     Page 2 of 7

those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made."[3]  However, § 636(b)(1) does not "require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."[4]

## DISCUSSION

### I. Motions Addressed in Report and Recommendation

Defendant is before the Court on petitions to revoke his supervised release in both his 1997 case that originated in this district, and in his criminal case from the Eastern District of California, which was transferred to this Court for supervision in July 2024.[5]  In each of Defendant's motions addressed in the Report and Recommendation, he maintains that he was not under supervision at the time of his alleged violation of a term of supervised release.[6]

In the Report and Recommendation, Judge Scoble recounted that, in 1998, Judge Singleton sentenced Defendant to 400 months' imprisonment and five years of supervised release in Case No. 3:97-cr-00068-SLG-MMS.  While Defendant's

---

[3] *Id.*

[4] *Thomas v. Arn*, 474 U.S. 140, 150 (1985); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

[5] Docket 581 (Case No. 3:97-cr-00068-SLG-MMS); Dockets 1, 2 (Case No. 3:24-cr-00078-SLG-MMS).

[6] Docket 17 at 1 (Case No. 3:24-cr-00078-SLG-MMS).

term of imprisonment in Case No. 3:97-cr-00068-SLG-MMS was subsequently reduced, the five-year term of supervised release was unchanged.[7]

In May 2019, Defendant was sentenced to 97 months' imprisonment and 36 months of supervised release for new crimes in the Eastern District of California.[8] Defendant was ordered to serve his May 2019 term of imprisonment consecutively to his sentence in Case No. 3:97-cr-00068-SLG-MMS.[9]

Defendant was released from custody on July 9, 2024.[10] Thus, at that time he began his term of supervised release in each case.

Based on the foregoing, Judge Scoble determined that Defendant has been on supervised release both in Case No. 3:97-cr-00068-SLG-MMS and in the California case since July 2024. He specifically rejected Defendant's contention that he was on "unsupervised release" in the California case.[11] Judge Scoble therefore recommended that Defendant's motions be denied.[12]

Defendant objects to the Report and Recommendation on two grounds. First, he maintains that the issuance of the Report and Recommendation was

---

[7] Docket 17 at 2 (Case No. 3:24-cr-00078-SLG-MMS).

[8] Docket 17 at 2 (Case No. 3:24-cr-00078-SLG-MMS); Docket 1-1 at 1-3 (Case No. 3:24-cr-00078-SLG-MMS).

[9] Docket 1-1 at 2 (Case No. 3:24-cr-00078-SLG-MMS).

[10] Docket 17 at 3 (Case No. 3:24-cr-00078-SLG-MMS).

[11] Docket 17 at 3-4 (Case No. 3:24-cr-00078-SLG-MMS).

[12] Docket 17 at 4 (Case No. 3:24-cr-00078-SLG-MMS).

Case Nos. 3:97-cr-00068-SLG-MMS; 3:24-cr-00078-SLG-MMS, *USA v. Braswell*
Order on Pending Motions
Page 4 of 7
Case 3:97-cr-00068-SLG-MMS    Document 619    Filed 04/15/26    Page 4 of 7

"premature" without an evidentiary hearing.[13]  Second, he appears to contend that if he establishes that he was on "unsupervised release" in the California case, then both petitions should be dismissed.[14]

The Court rejects Defendant's objections.  Defendant can raise any challenges to the petitions on the alleged violations of supervised release at a hearing on the merits of the petitions. Indeed, Judge Scoble held a preliminary hearing on March 27, 2026, at which Defendant moved for a continuance.[15]  Judge Scoble granted Defendant's motion and continued the preliminary hearing to April 17, 2026.[16]  Further, as the subsequently filed transcript of the California sentencing hearing makes clear, the district court there unequivocally imposed "a total term of supervised release of 36 months."[17]  And it is evident from the record that Judge Scoble also correctly determined that Defendant was on supervised release in Case No. 3:97-cr-00068-SLG-MMS at the time of the alleged supervised release violation.  Defendant's apparent assertion that he served his term of supervised release in the 1997 case while he was in custody in the 2019 case is without merit.

---

[13] Docket 25 at 1-2 (Case No. 3:24-cr-00078-SLG-MMS).

[14] Docket 25 at 2 (Case No. 3:24-cr-00078-SLG-MMS).

[15] Docket 28 (Case No. 3:24-cr-00078-SLG-MMS).

[16] Docket 28 (Case No. 3:24-cr-00078-SLG-MMS).

[17] Docket 29-1 at 29 (Case No. 3:24-cr-00078-SLG-MMS).

Accordingly, the Court agrees with and adopts the analysis of the Report and Recommendation. Therefore, IT IS ORDERED that, in Case No. 3:97-cr-00068-SLG-MMS, Defendant's Motion for an Order at Docket 590, Corrected Motion at Docket 592, and Renewed Motion for an Order at Docket 602 are **DENIED**.  IT IS FURTHER ORDERED that in Case No. 3:24-cr-00078-SLG-MMS, Defendant's Renewed Motion for an Order at Docket 13 is **DENIED**.

## II.     Objection to Seizure of Permanent Fund Dividend

In Case No. 3:97-cr-00068-SLG-MMS, Defendant objects to the seizure of his 2025 Permanent Fund Dividend and its application toward the fine imposed by Judge Singleton.[18]  Defendant maintains that the $98,677 fine was dismissed by Judge Singleton in May 2008.[19]

Defendant does not provide any Court filings from his criminal case that purport to indicate that the fine was dismissed.[20]  A review of the docket from May 2008 indicates that, on May 19, 2008, Defendant filed a request for resentencing; the Court denied that motion on May 28, 2008.[21]  Many years later, on June 12, 2019, Judge Holland reduced Defendant's sentence to time-served.[22]  That order

---

[18] Docket 579 (Case No. 3:97-cr-00068-SLG-MMS).

[19] Docket 579 at 1 (Case No. 3:97-cr-00068-SLG-MMS).

[20] The Court notes that the Clerk of Court most recently provided Defendant with a USB Thumb Drive of all filings in the 1997 case in May 2023. Docket 577.

[21] Dockets 303, 308 (Case No. 3:97-cr-00068-SLG-MMS).

[22] Docket 536 (Case No. 3:97-cr-00068-SLG-MMS).

Case Nos. 3:97-cr-00068-SLG-MMS; 3:24-cr-00078-SLG-MMS, *USA v. Braswell*
Order on Pending Motions
Page 6 of 7
Case 3:97-cr-00068-SLG-MMS     Document 619     Filed 04/15/26     Page 6 of 7

provided that "[e]xcept as otherwise provided, all provisions of the judgment dated 06/16/1998 shall remain in effect."[23]  The Criminal Judgment from June 16, 1998 imposed a "$98,677.00 Fine."[24]  Defendant has failed to demonstrate that the fine has been dismissed at any time.  Therefore, Defendant's Motion at Docket 579 in Case No. 3:97-cr-00068-SLG-MMS is **DENIED**.

DATED this 15th day of April, 2026, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[23] Docket 536 (Case No. 3:97-cr-00068-SLG-MMS).

[24] Docket 147 (Case No. 3:97-cr-00068-SLG-MMS).